# United States Court of Appeals
## For the First Circuit

No. 07-2266

UNITED STATES OF AMERICA,

Appellee,

v.

DAWN WALKER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Lynch, Chief Judge,
Stahl and Howard, Circuit Judges.

Mary S. McElroy, Assistant Federal Defender, on brief for appellant.
Donald C. Lockhart, Assistant United States Attorney, and Robert Clark Corrente, United States Attorney, on brief for appellee.

August 13, 2008

**STAHL**, **Circuit Judge**.  Dawn Walker, who pled guilty to one count of bank robbery, challenges her sentence of 77 months' incarceration.  She argues on appeal that the district court erred by considering her need for mental health and substance abuse treatment when determining the length of her prison sentence, in violation of 18 U.S.C. § 3582(a).[1]  We do not reach the merits of Walker's appeal because, at sentencing, she intentionally abandoned the objection she now raises.  As a result of this waiver, "the objection in question is unreviewable." United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007).

After pleading guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), Walker was sentenced to 77 months' incarceration, which was at the low end of the advisory guideline sentencing range of 77 to 96 months.  Walker did not object to the presentence report, but filed a motion and sentencing memorandum in support of a downward departure.  At the sentencing proceeding, held on August 10, 2007, Walker's counsel elaborated on her request for a below-guidelines sentence, explaining that a term of no more than 48 months would "allow the amount of time necessary for [Walker] to engage in drug treatment that's required, for her

---

[1]18 U.S.C. § 3582(a) states: "The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."

to seek an education and for her to put her life on a track where she can become a productive member of society."  In other words, Walker's rationale for a below-guidelines sentence was that 48 months was a sufficient length of time for her to reap the benefits of the rehabilitative services offered within the federal prison system.

In imposing the 77-month sentence, the district court adopted the sentencing rationale put forth by Walker -- that her sentence should be related to the amount of time necessary for her to benefit from the prison system's rehabilitation services -- but disagreed as to the length of time necessary to accomplish this goal.[2]

---

[2]The court said, in part:

> I've come to the conclusion that in this case it would be a disservice to grant you the request that your lawyer has made for a sentence below that guideline range because it's not enough time to give you the services that you need.
>
> . . .
>
> And so I have come to the conclusion, Ms. Walker, that in order to turn you around, in order to give you the foundation in basic day-to-day living skills that you so desperately need, that a sentence at the low end of the guideline range is appropriate and just in this case.
>
> It will give you the time that you need to clean up.  It will give you the time that you need to get some education.  It will give you the time that you need for mental health treatment.  If you can't get all of those things under control, my concern is that I don't want to set you up to fail by giving you too little time.

On appeal, Walker argues that the court's sentencing rationale violated 18 U.S.C. § 3582(a), which requires sentencing courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."[3] However, at sentencing, both Walker and the district court adopted the view that the length of Walker's sentence should be informed by the amount of time necessary for her to receive sufficient rehabilitative services. They merely differed on the length of time required to accomplish that goal. Therefore, because she asserted below the same rationale that she now claims was error, Walker has waived the argument that the rehabilitation rationale adopted by the court violated § 3582(a).[4]

This is not merely a case of forfeiture, where a party "fails to make a timely assertion of a right," United States v.

---

[3]This circuit has not determined how 18 U.S.C. § 3582(a) interacts with the mandate contained in 18 U.S.C. § 3553(a)(2)(D), requiring sentencing courts to consider, among other factors, the "need for the sentence imposed" to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Other circuits have reached disparate conclusions on this question. Compare United States v. Manzella, 475 F.3d 152, 157-58 (3d Cir. 2007) with United States v. Hawk Wing, 433 F.3d 622, 629-30 (8th Cir. 2006).

[4]To the extent that Walker also suggests, for the first time on appeal, that the imposed term of incarceration was not supported by the evidence, we disagree. On the contrary, the sentence was adequately supported by Walker's own description of her needs, a sealed psychiatric report, and other information in the unobjected-to presentence report about her past conduct and failed treatment efforts.

Rodriquez, 311 F.3d 435, 437 (1st Cir. 2002), which we would review under plain error, id., but is actually a waiver, which occurs when a party "intentionally relinquishes or abandons" a known right, id. "The difference is critical: a waived issue ordinarily cannot be resurrected on appeal." Id. Walker waived her right to object to the district court's rehabilitation rationale by affirmatively employing the same rationale to support her request for a below-guidelines sentence. Where an appellant has waived an objection below, we will not review her argument, even for plain error. See, e.g., United States v. Ross, 77 F.3d 1525, 1542 (7th Cir. 1996).

For the foregoing reason, we **affirm** the sentence imposed by the district court.