# United States Court of Appeals
## For the First Circuit

No. 14-2147

UNITED STATES,

Appellee,

v.

ALEXANDER RODRÍGUEZ-MELÉNDEZ, a/k/a Cinco Mil,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

Rick Nemcik-Cruz on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

July 8, 2016

**LIPEZ, <u>Circuit Judge</u>**.  After serving a prison term for a drug trafficking offense, appellant Alexander Rodríguez-Meléndez admitted to possessing a firearm in furtherance of a drug trafficking crime in violation of the conditions of his supervised release.  The district court revoked supervised release and sentenced him to 36 months imprisonment.  Rodríguez-Meléndez appeals, arguing that his sentence was procedurally and substantively unreasonable.

We conclude that his sentence was procedurally unreasonable because it was premised on purported facts from Probation Office records, directly contrary to the facts contained in the relevant Presentence Investigation Report (PSR).  Accordingly, we <u>vacate</u> the sentence and <u>remand</u> for resentencing.[1]

**I.**

After completing a prison sentence for conspiracy to possess with intent to distribute narcotics, appellant began serving an eight-year term of supervised release on June 14, 2012.  On January 31, 2014, police executed a search warrant on his home and vehicle, and seized a .40 caliber pistol, two magazines containing 22 rounds of .40 caliber ammunition each, and at least 40 grams of cocaine.  Based on that search, the Probation Office

---

[1] In light of this disposition, we do not address appellant's argument of substantive unreasonableness.  We intimate no view on that issue.

filed a motion to show cause alleging that appellant had violated the conditions of his release by: committing a federal crime, see U.S.S.G. § 5D1.3(a)(1), possessing a firearm and ammunition, see id. § 5D1.3(d)(1), and possessing a controlled substance, see id. §§ 5D1.3(a)(2), (c)(7). Appellant received a copy of the motion, which explained the factual basis of the allegations as described above. He subsequently conceded that he had violated the conditions of his release by committing a new federal offense involving possession of a firearm. In a separate proceeding before a different judge, appellant pled guilty to possessing a firearm in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A). He has acknowledged that revocation was mandatory. See id. § 3583(g)(2) (requiring revocation for possession of a firearm in violation of the conditions of release).

At the revocation hearing, which focused on sentencing because appellant had already conceded his violation, appellant argued that the court ought to consider his role as the provider for his family and reduce his sentence accordingly. Unconvinced, the district court imposed 36 months imprisonment -- the maximum permitted by statute,[2] six months more than the high end of the

---

[2] Appellant's original conviction was a Class B felony. Where the basis for imposing a term of supervised release is a Class B felony, the maximum sentence for violating the conditions of supervised release is 36 months. 18 U.S.C. § 3583(e)(3).

- 3 -

applicable Sentencing Guidelines range,[3] and 12 months more than the government's recommendation.[4]

Before arriving at that sentence, the district court said that, in its view, appellant was "not adjusting well" to life outside prison. It premised this conclusion in part on information "within the record of the probation office . . . that during the term of supervision [appellant] tested positive a couple of times." It mentioned this point twice, and later recommended that appellant receive drug treatment in prison. The court expressed particular concern that appellant had returned to bad behavior shortly after his release, i.e., he "tested positive a couple times" and was caught with drugs and a gun within 18 months. In the court's words, "it was not too long after he was released on supervision that he began to experience difficulties." The probation officer present at the hearing did not comment on the matter.[5]

---

[3] Appellant's offense under 18 U.S.C. § 924(c)(1)(A) was a Grade A violation of the conditions of supervised release. U.S.S.G. § 7B1.1(a)(1); United States v. Ortiz-García, 665 F.3d 279, 285 (1st Cir. 2011). Given appellant's Criminal History Category of IV, the Guidelines recommended that he serve 24 to 30 months of his supervised release in prison. U.S.S.G. § 7B1.4(a).

[4] Appellant was later sentenced to the mandatory minimum of five years in prison in the parallel proceeding, as recommended by the Sentencing Guidelines. See 18 U.S.C. 924(c)(1)(A)(i); U.S.S.G. § 2K2.4(b). That sentence runs consecutive to the revocation sentence imposed in this case. See U.S.S.G. § 7B1.3(f).

[5] The probation officer did contribute additional background, informing the court that appellant had been under criminal investigation after his release. Appellant believes that this disclosure prejudiced him in the eyes of the court. Appellant

The court's observation that Probation Office records indicated that appellant had "tested positive" during his supervised release ran directly contrary to what we know of the Probation Office's records. Two days earlier, the Probation Office issued a PSR in appellant's parallel criminal proceeding indicating that "urine tests collected by the U.S. Probation officer yielded negative results to all drugs tested," and that "during his federal supervised release term, the defendant has not ingested any illegal drugs."

After discussing appellant's poor adjustment to life outside of prison, the court justified the 36-month prison term with reference to the breach of trust created by the violation of the conditions of supervised release, in combination with "the danger posed to the community by possess[ion of] a weapon." See U.S.S.G. Ch. 7, Pt. A(3)(b). Rodríguez-Meléndez timely appealed, arguing that his sentence was procedurally and substantively unreasonable.

---

reads the court's statement that "the authorities were looking at you and that led to you having this weapon at your house" to indicate that the court believed that the investigation somehow caused him to obtain a weapon. We read the transcript differently. In context, it appears to be a statement of chronology, not causation, simply stating that the criminal investigation began before appellant was caught with a firearm. In all, the district court seemed unperturbed by the fact that appellant was being investigated after his release, noting that "charges did not materialize" from that investigation, which was "to the defendant[']s benefit" at sentencing.

As with sentences imposed following a criminal conviction, we ordinarily review sentences imposed following revocation of supervised release for abuse of discretion.  United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016); United States v. Santiago-Rivera, 594 F.3d 82, 84 (1st Cir. 2010).  However, appellant failed to raise his claims below, and concedes that the applicable standard is plain error.  See United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010).  For appellant to prevail, he therefore must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United States v. Roy, 506 F.3d 28, 30 (1st Cir. 2007) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

## III.

We confront a situation in which the sentencing court cited and relied upon a fact that was demonstrably false.  See Gall v. United States, 552 U.S. 38, 51 (2007) (stating that "selecting a sentence based on clearly erroneous facts" is an abuse of discretion); United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993) (noting that evidence used in revocation hearings must

be "reliable"). The district court twice asserted that appellant had tested positive for controlled substances while on release, attributing that information to Probation Office records. Yet, the only Probation Office record of which we are aware -- the PSR served two days prior to the sentencing proceeding here -- negates that assertion. The government does not dispute that appellant never tested positive for controlled substances or cite any evidence that he used controlled substances while on supervised release. As a result, in the parallel criminal case, a district court handed down a within-Guidelines sentence premised on an accurate view of the facts supplied by the Probation Office, while in this revocation case, the district court imposed an above-Guidelines sentence based on an erroneous understanding of the same Probation Office records.

The government's argument to the contrary is unconvincing. The government argues, essentially, that "at no time was Rodríguez-Meléndez accused of testing positive for illegal drugs," and that he was instead accused by the Probation Office of "excessive use of alcohol," suggesting that the court must have been referring to alcohol rather than drugs. Yet, while it is true that appellant was not accused by the Probation Office of using controlled substances, he was also not accused of excessive use of alcohol. To the contrary, appellant was alleged to have violated Standard Condition 7, which required him to

"refrain from excessive use of alcohol and . . . not purchase, possess, use, distribute, or administer any controlled substance." U.S.S.G. § 5D1.3(c)(7). In context it is clear that the Probation Office was accusing appellant under the possession of controlled substances prong, rather than the alcohol prong, of that condition. The Probation Office's motion did not otherwise mention alcohol, and there is no indication that appellant had in fact abused alcohol while on supervised release. Further, it would be unusual to use the term "test positive" in reference to alcohol. The district court's statement at the outset of the revocation hearing, that appellant "also violated condition number 7 requiring him to refrain from excessive use of alcohol," thus appears to be a shorthand reference to the text of Standard Condition 7, not an indication that any alcohol abuse had been alleged. Hence the court's insistence that appellant had tested positive was a reference to the use of controlled substances while on release, a clear and obvious error, establishing the first two prongs of the plain error analysis. See Roy, 506 F.3d at 30.

We also conclude that there is "a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence," and that, therefore, appellant's substantial rights have been affected. United States v. González-Castillo, 562 F.3d 80, 83 (1st Cir. 2009) (quoting United States v. Perazza-Mercado, 553 F.3d 65, 78 (1st Cir. 2009)).

The court's erroneous belief that appellant had used drugs was not the most important factor in its sentencing decision. We do not doubt that the sentence was driven primarily by appellant's commission of a second drug trafficking crime and the danger posed by his possession of a loaded weapon. But the district court's repeated references to the positive drug tests, which it saw as evidence that appellant was not adjusting well to life outside prison, indicate that the drug issue was a salient one in its analysis. There is a reasonable probability that, absent the aggravating drug use factor, the court would have chosen a sentence below the maximum.

Finally, we conclude that the reliance of the court on a demonstrably wrong fact in imposing its sentence for the violation of supervised release is an error that "seriously impair[s] the fairness" and "public reputation of judicial proceedings." Roy, 506 F.3d at 30 (quoting Duarte, 246 F.3d at 60). Two courts imposed sentences in related cases, one within the Guidelines range, one above it, relying on mutually exclusive facts. To protect the fairness and integrity of the sentencing process, the district court should impose a sentence in this revocation proceeding based on a correct view of the facts. Hence, we vacate the judgment of the district court.

So ordered.