# United States Court of Appeals
## For the First Circuit

No. 15-2186

UNITED STATES OF AMERICA,

Appellee,

v.

SERGIO SANTA-OTERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

Alejandra Bird López on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney,
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Francisco A. Besosa-Martínez, Assistant
United States Attorney, on brief for appellee.

December 13, 2016

**BARRON**, **Circuit Judge**.  This appeal requires us once again to review the sentence that Sergio Santa-Otero has received for possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and possessing a machine gun, in violation of 18 U.S.C. § 922(o).  In Santa's prior appeal, we vacated his sentence, which at that time was for a term of imprisonment of 65 months, and remanded for resentencing.  That resentencing has now occurred, and we affirm the result, which is a 60-month prison sentence.

## I.

In 2013, pursuant to a plea agreement, Santa pled guilty to the two offenses: unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The plea agreement set forth the following facts.

Santa was stopped in a car by police officers while smoking a marijuana cigarette.  Upon questioning by the police officers, Santa disclosed that he had a firearm and ammunition in the car.  The officers recovered one loaded Glock Pistol Model 27, four loaded standard size Glock Pistol magazines, and two loaded high capacity magazines, containing a total of 101 .40 caliber rounds of ammunition.  Santa informed the officers that the Glock Pistol had a "chip" in it such that it would fire automatically, qualifying the firearm as a "machine gun."  See 26 U.S.C. § 5845(b)

- 2 -

(defining a machine gun as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger").

The plea agreement recommended a sentence within the applicable range set by the United States Sentencing Guidelines. The guidelines range set forth in the presentence report was for a term of imprisonment of 37 to 46 months. The presentence report based this range on a calculation that Santa's total offense level was 19 and that Santa's criminal history category was III.

The presentence report calculated the total offense level of 19 for Santa by starting with a base offense level of 22, as required by U.S.S.G. § 2K2.1(a)(3), which applies to defendants convicted of being a felon in possession of a firearm where that firearm is a machine gun. The presentence report then reduced Santa's base offense level of 22 by two points for Santa's acceptance of responsibility and one additional point for Santa's entering a plea of guilty, thereby yielding the total offense level of 19. The presentence report labeled Santa's criminal history category as III based on Santa's prior convictions under Puerto Rico law for possession with intent to distribute a controlled substance, reclassified as possession of a controlled substance, and for aggravated conjugal abuse.

At Santa's first sentencing hearing, the District Court stated that Santa had been convicted of possession with intent to distribute a controlled substance, and, based on that understanding of his criminal history, imposed a prison sentence of 65 months. On appeal, however, we agreed with Santa that the District Court had erred in characterizing Santa's criminal history, and so we vacated the sentence and remanded for resentencing. United States v. Santa-Otero, 618 F. App'x 6 (1st Cir. 2015).

At Santa's sentencing hearing on remand, the parties agreed that the guidelines range for his term of imprisonment remained 37 to 46 months, because Santa's total offense level remained 19 and his criminal history category remained category III. The District Court imposed a sentence of 60 months imprisonment. Santa's appeal followed.

**II.**

Santa appears to characterize each of his challenges to his sentence as being both procedural and substantive in nature. For procedural challenges, "we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion." United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015). For substantive challenges, "we proceed under the abuse of

discretion rubric."  Id.  But, however the challenges are characterized, we find no basis for vacating the sentence under the applicable standard of review.[1]

Santa first points out that when a factor relied on to justify a variant sentence "is already included in the calculation of the guidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation."  United States v. Zapete-García, 447 F.3d 57, 60 (1st Cir. 2006).  For that reason, Santa contends, the District Court erred in relying on the presence of a machine gun to justify the variance.

In support of this argument, Santa points to U.S.S.G. § 2K2.1(a)(3), which provides a base offense level of 22 if the firearm that was the subject of the conviction is a machine gun, defined as "any weapon which shoots . . . automatically more than one shot, without manual reloading, by a single function of the trigger."  26 U.S.C. § 5845(b).  But, the District Court did not rely solely upon Santa's possession of the machine gun in imposing

---

[1] The government contends that Santa failed to preserve some of his challenges below, and that, therefore, we must review them under the plain error standard.  But, because we conclude that Santa's challenges fail even under the standard of review that Santa asks us to apply, we need not decide whether Santa forfeited certain of his challenges below.

the variant sentence. The District Court cited to specific features of the ammunition that Santa possessed along with the machine gun: two loaded extended capacity magazines and four loaded standard magazines, beyond the one loaded standard magazine that was already in the machine gun. Thus, Santa's challenge is meritless. See United States v. Davis-Torres, -- F. App'x --, 2016 WL 5115331, at *4 (1st Cir. 2016) ("The [sentencing] court also emphasized the inherent danger in carrying an AK-47 semi-automatic rifle with two high capacity magazines and 109 rounds of ammunition . . . . There was no abuse."); see also United States v. Thomas, 914 F.2d 139, 144 (8th Cir. 1990) ("[T]he district court properly considered . . . the nature of the firearms [defendant] possessed, and the fact that the firearms were loaded as factors not adequately taken into account by the Guidelines which warrant departure.").[2]

Nor do we find persuasive Santa's contention that the District Court erred by attributing "illicit conduct" to Santa that was unsupported by a preponderance of the evidence. In

[2] In arguing that the District Court impermissibly justified the variance by reference to the machine gun, Santa also points to other provisions of the sentencing guidelines that reference the number and type of firearms possessed by a defendant. Because those other provisions do not apply to Santa, they are not "already included in the calculation of the guidelines sentencing range," so they cannot impugn the District Court's decision to use the particular ammunition possessed by Santa to justify the variance. Zapete-García, 447 F.3d at 60.

support of this argument, Santa points to the colloquy at the sentencing hearing in which Santa contended that he should be sentenced within the guidelines range because he possessed the machine gun for self-defense, as he had been the victim of an attempted murder. And, he argues, in this colloquy, the District Court found -- without a basis -- that Santa had engaged in unlawful conduct beyond that for which he had been charged. The record shows, however, that the District Court simply rejected Santa's contention that he was in possession of the machine gun in question for self-defense.[3]

Santa next argues that the District Court erred by assuming, on the basis of conduct for which Santa had been charged but not convicted, that Santa's criminal history record under-

---

[3] At the colloquy, the District Court stated: "[D]o you honestly believe that a judge cannot extrapolate from this gun and say . . . what is a citizen doing with this kind of pistol, machine gun? All these magazines that we have been describing here, extended magazines, and the rounds of ammunition. Is it only for protection?" The District Court then went on to say:

> When we realize that the fire power that he had with him is more than the fire power the Marshals have in this room together, imagine. If you ask the Marshals here to lay out their firearms and count the bullets and see what they are, nobody's carrying an automatic firearm. Nobody's carrying more than a [fourteen] round magazine. One magazine. And boy, do they need protection and to protect themselves. Especially in this district. I cannot accept, I cannot in good honesty accept the argument that because he had been shot once, he needed to have this automatic firearm, all these magazines, and that number of ammunition, all those ammunition to protect himself.

represented his actual prior criminal activities. But, the sentencing transcript makes clear that the District Court first set aside this concern by saying "Let's forget about that for the time being," and then accurately summarized Santa's criminal history as consisting of one conviction for conjugal abuse and one conviction for simple possession of a controlled substance. Nor did the District Court bring up the issue of the potential under-representation of Santa's criminal record again during the sentencing hearing. Thus, Santa's argument here, too, fails.

Finally, Santa argues that the District Court erred in several ways by taking into account local conditions in Puerto Rico in setting the sentence. As we have previously said, "[g]eographic considerations can be relevant at sentencing, as 'the incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence.'" United States v. Ortiz-Rodríguez, 789 F.3d 15, 19 (1st Cir. 2013) (quoting United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013)). Nevertheless, "[a] sentencing judge's resort to community-based characteristics does not relieve him or her of the obligation to ground sentencing determinations in case-specific factors. It is possible for a sentencing judge to focus too much on the community and too little on the individual." Flores-Machicote, 706 F.3d at 24 (citation omitted).

Here, the District Court did not cross the line. Because the District Court expressly took note of the case-specific factors of Santa's criminal history and the specific firearm and ammunition Santa possessed, the District Court sufficiently emphasized the case-specific factors relative to the community-based characteristics.

Santa does contend that the District Court erred in not specifying the sources of information it used in describing the community characteristics it took into account in making its sentencing decision, because the District Court may have relied on unreliable information. But "[a]s a general matter, 'the sentencing authority has always been free to consider a wide range of relevant material[,]'" United States v. Álvarez-Núñez, 828 F.3d 52, 55 (1st Cir. 2016) (quoting Payne v. Tennessee, 501 U.S. 808, 820-21 (1991)), including the "cumulative experience garnered through the sheer number of district court sentencing proceedings that take place day by day." See United States v. Narváez-Soto, 773 F.3d 282, 286 (1st Cir. 2014) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). Against this backdrop, the record provides no support for Santa's speculative and unsupported contention.

Santa does also contend that, in justifying the variance, the District Court wrongly relied on the fact that, under Puerto Rico law, the illegal possession of a machine gun is

punishable by up to twenty-four years imprisonment. Santa contends that, by this reference, the District Court was premising the variance not on the need for deterrence in this particular community but rather, impermissibly, on that community's hostility towards this type of conduct. But, the District Court referenced the penalty under Puerto Rico law not as a justification for the variance, but rather as a confirmation that the variant sentence was not "something that is terribly out of reality with what this kind of situation [in Puerto Rico] is." And Santa provides no reason for why this particular use of the penalty under Puerto Rico law for the crime constitutes an abuse of discretion by the District Court.

Similarly, we do not find persuasive Santa's contention that the District Court erred by referencing its opinion in a different sentencing case, United States v. González–Román, 115 F. Supp. 3d 271 (D.P.R. 2015), in the course of explaining the community-based need for deterrence. While some of the facts referenced in the González–Román opinion deal with matters irrelevant to Santa's crime, other facts -- such as statistics on violent crime and firearm use -- are relevant. The record provides no basis for finding that, in referring to that decision, the District Court relied on the parts of that opinion that were irrelevant to Santa.

Finally, Santa argues that by relying on the community characteristics of Puerto Rico in justifying the variance, the District Court violated Santa's federal constitutional right to equal protection of the laws. But, the District Court justified the variant sentence on the fact that Santa committed the crime in a place in which there is an increased need for deterrence. And, for reasons we have given before, that is a permissible consideration in sentencing. See Flores-Machicote, 706 F.3d at 23. Thus, this challenge fails as well.

In rejecting Santa's challenges, we are cognizant that "[t]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed." United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006) (omission in original) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). And we note that here, the District Court imposed a not insubstantial variant sentence, as the sentence to a term of 60 months imprisonment was 14 months greater than the upper end of the guidelines range, which was 46 months imprisonment, as set forth in the presentence report. Nevertheless, we find both that the District Court's reasoning is sufficient to justify the variance and that the variance was not otherwise imposed in error.

## III.

The sentence is **affirmed**.