**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-2549

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE M. LASANTA-SANCHEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Thompson, Circuit Judges.

Johnny Rivera-Gonzalez on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

March 20, 2017

**THOMPSON**, **Circuit Judge**.   The defendant, Jose M. Lasanta-Sanchez (Lasanta), raises two issues in this appeal from the sentence imposed by the district court for Lasanta's violation of his supervised-release conditions.   Because Lasanta waived one claim and the other is meritless, we affirm.

### HOW THE CASE GOT HERE

In 2010, Lasanta pled guilty to possession of a machinegun and was sentenced to imprisonment for twenty-one months, with a three-year supervised release term to follow.   Just over six months after his release, Lasanta was up to his old tricks.   The United States Probation Office (Probation Office) searched Lasanta's home and vehicle and uncovered yet another machinegun and ammunition.

Lasanta's latest transgression had serious consequences. First, in a separate criminal case, Case No. 14-063, he pled guilty to possession of a firearm by a felon and was sentenced to fifty-one months in prison.   Second, in this case, the Probation Office notified the district court that Lasanta had violated his supervised-release conditions.   Lasanta admitted the violation.

During the sentencing hearing, defense counsel stated that, "given that it's the same offense conduct, that [i.e., the sentence for the violation] certainly cannot be concurrent" with the sentence imposed in Case No. 14-063.   Lasanta instead requested

- 2 -

a sentence at the low end of the guidelines range, which was fifteen to twenty-one months.

During defense counsel's sentencing argument, the district court inquired, "How far is [Lasanta] from being a career offender?" After the prosecutor informed the court that Lasanta's possession of a "machine gun is considered a crime of violence," the following exchange occurred:

THE COURT: He's one strike away from being a career offender.

[Prosecutor]: Yeah.

[Defense counsel]: Or an armed career criminal.

THE COURT: Or an armed career criminal.

The district court then gave Lasanta this warning:

I want to look at him and tell him that the next one he could be looking at a minimum of 20 years. Your family is here. So I'm advising you that the next weapon could be fatal. You could be looking at 20 years. So your family understands, (speaking Spanish.) The next offense could be a potential minimum of 20 years. So don't think that you're going 21 to whatever it is here.

[Defense counsel]: The revocation is 15 to 21, Judge.

THE COURT: The revocation says 15 to 21. But under the guidelines I can go 24. But here's the issue. <u>The issue is not this sentence, it's the next one with a weapon.</u> Do you understand? (Emphasis added.)

Once more during defense counsel's argument, the district court interjected: "He has the key to open 20 years again. He's 20 years." Defense counsel responded, "Yeah, I know," and then continued with his argument.

After hearing the parties' arguments, the district court explained its justifications for the chosen sentence. The court stated that it had considered the advisory guidelines, calculated the applicable guidelines range, and considered the 18 U.S.C. § 3553(a) factors. The court noted "the fact that [Lasanta] has the same proclivity and pattern of criminal behavior," and then stated:

> The court is particularly impressed with the same type of offense. Barely having . . . terminated his sentence, he is again at the incentive and for the reasons that the probation officer determined was reasonable to search his house, he was again found with weapons and extensive ammunition and magazines.

In the course of explaining its chosen sentence, the district court did not reference its earlier warning to Lasanta about potential sentencing consequences in the event that he continued down his criminal path. Ultimately, it sentenced Lasanta to imprisonment for twenty-four months, to be served consecutively to the sentence imposed in Case No. 14-063. After imposing sentence, the court informed Lasanta of his right to appeal and to have a transcript prepared. The court then explained to defense counsel that, although he was likely

> disappointed as to the sentence, . . . I think that if I provide him less I don't think I'm doing my job properly. He, at this time, deserves the sentence that the [c]ourt has imposed based on the circumstances of a repeated offense barely having left the prison house. And it's the same type of offense as before. So we have to increase the ante. We cannot go guideline. (Emphasis added.)

The district court then reminded Lasanta of its earlier warning:

> So, I want to remind him again that this sentence is relatively short compared to the next potential sentence. So watch out. The next potential sentence may be up -- may be 240 months.
>
> [Defense counsel]: Yes, sir.
>
> THE COURT: So I wish him luck. I really do. I wish him luck. I hope that he comes back with a change of attitude and the attitude must be an attitude of respect for the law. If not, he's going to find another judge with his hands tied.
>
> So, good luck, sir.

Lasanta timely appealed.

## ANALYSIS

Lasanta argues that the district court committed reversible error in two respects: First, he contends that the district court failed to recognize that it retained the discretion to order that the sentence imposed in this case run concurrently with (instead of consecutively to) the sentence imposed in Case No. 14-063. Second, he insists that the district court sentenced him "under the mistaken legal impression that his prior conviction for mere possession of a machine gun constituted a crime of violence." The government counters that Lasanta waived both of these claims. So we start there.

**Waiver**

The manner in which we review a claim of sentencing error hinges on whether the defendant preserved the issue below.  In broad strokes, we review preserved claims under an abuse-of-discretion rubric, while forfeited claims must survive plain-error review.  United States v. Arsenault, 833 F.3d 24, 28 (1st Cir. 2016).[1]  Issues can typically be characterized as either preserved or forfeited, but that is not always true.

Unlike a mere failure to object, which results in forfeiture of the argument, a litigant waives a claim when he or she "'intentionally relinquishes or abandons' a known right." United States v. Walker, 538 F.3d 21, 23 (1st Cir. 2008) (quoting United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002)); see also United States v. Torres-Rosario, 658 F.3d 110, 115-16 (1st Cir. 2011).  The distinction between waiver and forfeiture is

---

[1] This generalization is not wrinkle free:  "[T]he applicable standard of review for an unpreserved, substantive reasonableness challenge is 'murky.'"  Arsenault, 833 F.3d at 29 (quoting United States v. Pérez, 819 F.3d 541, 547 (1st Cir. 2016)); see also United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015) (noting that it is unclear whether an unpreserved substantive reasonableness claim should be reviewed for abuse of discretion or plain error).  We need not dwell on this murkiness, however, because Lasanta does not advance a substantive unreasonableness challenge to his sentence.  Although Lasanta asserts in conclusory fashion that the two errors of which he complains render his sentence both procedurally and substantively unreasonable, he makes no attempt to develop a substantive unreasonableness argument.  Any such argument, therefore, is not properly before us.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

critical: although a forfeited claim will be reviewed for plain error, "a waived issue ordinarily cannot be resurrected on appeal." Walker, 538 F.3d at 23 (quoting Rodriguez, 311 F.3d at 437).

In this case, we agree with the government that Lasanta has waived his argument that the district court erred in failing to recognize its authority to order the sentence in this case to run concurrently with the sentence imposed in Case No. 14-063. At the sentencing hearing, defense counsel conceded that the sentence in this case "certainly cannot be concurrent" with the sentence imposed in Case No. 14-063. This "explicit and specific concession" constitutes waiver, Torres-Rosario, 658 F.3d at 116, and "a party cannot concede an issue in the district court and later, on appeal, attempt to repudiate that concession and resurrect the issue," United States v. Gates, 709 F.3d 58, 63 (1st Cir. 2013). See also, e.g., United States v. Ocasio-Cancel, 727 F.3d 85, 90 (1st Cir. 2013) (concluding that defendant waived argument that district court should have imposed concurrent rather than consecutive sentence where, "in response to the court's statement at the disposition hearing that it did not intend to impose a concurrent sentence, defense counsel repeatedly declared, 'I'm not asking for that'").[2] Thus, we say no more about Lasanta's first claim of sentencing error.

_____

[2] We recognize that we can, "as a matter solely of [our] discretion," forgive waiver in "the rare case." United States v.

- 7 -

With respect to Lasanta's other appellate contention, the government claims that, because "defense [counsel] acquiesced in the district court's characterization of [Lasanta's] two federal convictions as crimes of violence," Lasanta waived that argument as well. Unlike the explicit concession on the consecutive-sentence issue, defense counsel never conceded that machinegun possession constitutes a crime of violence. Accordingly, the case for waiver is less clear. Ultimately, we need not decide this issue because Lasanta's claim fails under the plain error standard of review. See United States v. Delgado-Sánchez, No. 15-2262, 2017 WL 655761, at *4 (1st Cir. Feb. 17, 2017) ("[W]here a defendant's claim would fail even if reviewed for plain error, we have often declined to decide whether the defendant's failure to raise the issue below constituted waiver or mere forfeiture." (quoting United States v. Acevedo-Sueros, 826 F.3d 21, 24 (1st Cir. 2016))).

**Future Sentencing Consequences**

Lasanta concedes that, because he failed to preserve his second sentencing challenge, we must review for plain error. "[T]his stiff standard" imposes a burden on Lasanta to "establish '(1) that an error occurred (2) which was clear or obvious and

Walker, 665 F.3d 212, 227 (1st Cir. 2011); see also Torres-Rosario, 658 F.3d at 116 ("[C]ourts may excuse waivers and disregard stipulations where justice so requires."). This is not such a case.

which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'"  Arsenault, 833 F.3d at 28-29 (quoting Ruiz-Huertas, 792 F.3d at 226).  Lasanta's contention falls flat right out of the gate.

Lasanta's claim that the district court sentenced him based, at least in part, on "the mistaken legal impression that his prior conviction for mere possession of a machine gun constituted a crime of violence" is belied by the record.  It is crystal clear from the sentencing transcript that the district court's references to the future sentencing consequences that Lasanta might face if he didn't break his habit of possessing machineguns was nothing more than a warning to Lasanta — in the presence of his family — to change his ways.  This warning played no role whatsoever in the sentence the district court imposed.  Indeed, the district court clearly identified the reason for imposing the twenty-four month sentence: hot on the heels of his release from prison following possession of a machinegun, Lasanta committed the same offense.  In these circumstances, Lasanta's reliance on United States v. Rodríguez-Meléndez, 828 F.3d 35 (1st Cir. 2016), is misplaced.  See id. at 38-39 (finding plain error where district court "relied upon a fact that was demonstrably false" and that false fact "was a salient one in its [sentencing]

analysis").  Therefore, because the complained-of sentencing error simply did not occur, we must reject Lasanta's argument.

**THE END**

For these reasons, we affirm the judgment below.