# United States Court of Appeals
## For the First Circuit

No. 17-1806

UNITED STATES OF AMERICA,

Appellee,

v.

FRANCISCO SEVERINO-PACHECO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

Mauricio Hernandez Arroyo and Law Offices of Mauricio Hernandez Arroyo on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Mariana E. Bauza-Almonte, Assistant United States Attorney, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

December 18, 2018

**STAHL**, **Circuit Judge**. Defendant-Appellant Francisco Severino-Pacheco ("Severino") appeals his sentence for illegal possession of a machine gun. Following Severino's guilty plea, the district court calculated a Sentencing Guidelines ("Guidelines") range of 24 to 30 months. The district court ultimately imposed an above-Guidelines sentence of 40 months, noting, inter alia, that Severino had recklessly fired an automatic weapon in a neighborhood.

On appeal, Severino challenges the procedural and substantive reasonableness of his sentence. He contends that the district court erred by relying on disputed facts and abused its discretion in imposing an above-Guidelines sentence. Finding no reversible error or abuse of discretion, we affirm.

## I. Factual Background

Because this sentencing appeal follows from a guilty plea, we "glean the relevant facts from the plea agreement, the change-of-plea colloquy, the presentence investigation report [PSR], and the transcript of [sentencing]." United States v. Fernández-Cabrera, 625 F.3d 48, 50 (1st Cir. 2010).

On February 10, 2017, the Puerto Rico Police Department ("PRPD") in San Juan received a call reporting a speeding vehicle and gunfire in the Hato Rey Este Precinct. PRPD officers in Hato Rey also heard gunfire and observed a black vehicle speeding with its headlights turned off coming from the direction of the gunfire.

Those officers pursued the vehicle and eventually stopped it, but the driver fled and was never located. However, officers were able to apprehend the vehicle's passenger, later identified as Severino.

Officers conducted a safety frisk of Severino and discovered a .357 caliber firearm with an empty magazine hidden in his groin area, along with a black holster, two cell phones, and $181 in cash. Officers secured the firearm and placed Severino under arrest. In a separate search, officers recovered 14 shell casings from .357 caliber bullets from the area where the gunfire was reported.

After Severino was transported to the local precinct headquarters, he was read his Miranda rights, and thereafter refused to speak with PRPD officers. Later, special agents from the Homeland Security Investigations ("HSI") Public Safety Group arrived and again read Severino his rights. After this recitation, Severino waived his rights and voluntarily spoke with the agents.

Severino told the HSI agents that he was with the driver of the vehicle, whom he refused to identify, when he "decided to fire a 'burst' from his firearm outside the [car] window for no apparent reason." Severino added that he "did not have the high capacity magazine fully loaded, but he only had around 14 rounds inside it." He also admitted to purchasing the gun for $1,600, knowing that it was modified to operate as a fully automatic

- 3 -

weapon. Upon examination, it was revealed that the weapon in question was a firearm as defined by 18 U.S.C. § 921(a)(3)(A) and a machine gun as defined by 26 U.S.C. § 5845(b). It was further determined that the firearm travelled in or affected interstate and/or foreign commerce.

## II. Procedural Background

On April 4, 2017, Severino pleaded guilty to illegal possession of a machine gun in violation of 18 U.S.C. § 922(o). His base offense level was 20, which was subsequently reduced three levels pursuant to U.S.S.G. § 3E1.1(a)-(b) for acceptance of responsibility, yielding a final offense level of 17. Severino's Criminal History Category was determined to be I, resulting in a Guidelines range of 24 to 30 months. Severino did not file any written objection to the PSR.

At sentencing, defense counsel requested a sentence of 24 months, whereas the government requested an above-Guidelines sentence of 40 months. For the first time, defense counsel voiced concern that the government's sentencing memorandum included Severino's admission to firing the weapon:[1]

> [The] Government is requesting an upward variance based [in part on] Mr. Severino admit[ing] to firing the gun. But . . . when [the] Government offered [in its sentencing memorandum] what they would be able to prove beyond a reasonable doubt in this case, that

[1] Defense counsel did not explicitly frame this as an objection.

- 4 -

fact was not mentioned. It wasn't mentioned because we had previously spoken with [the prosecutor] about it [but Severino] does not admit to having stated that.

. . .

[The proffer] admissions were limited to [the facts] that he had purchased the gun for $1,600, and that he knew that that firearm had been welded, but nothing was stated about the alleged shooting.

. . .

No evidence of corroboration by the police has been given to us. For example, this interview was not recorded. Another example, if [it] was the case[] that Mr. Severino did admit to [firing the weapon], no paraffin testing to show that he had gunpowder residue was done. Also, Your Honor, no report linking these alleged casings that were found to match the firearm that Mr. Severino was in possession of.

Notably, defense counsel did not address the PSR's statement that Severino admitted to firing the weapon, a fact the district court explicitly relied on in determining Severino's sentence:

The Court has given weight to the fact that Mr. Severino admitted to possessing an automatic firearm knowing that it was illegal to do so and that for no apparent reason he fired the weapon without hesitation regardless of the consequences. That act was irresponsible and put at risk lives of innocent [people] who could have been caught in the path of the bullets.

The district court also considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), including the "nature and circumstances" of the offense, along with government statistics

concerning gun ownership and violent crimes in Puerto Rico, and the need for deterrence.

Weighing these factors, the district court ultimately sentenced Severino to 40 months' imprisonment followed by three years' supervised release. It explained that "a sentence above the guideline range reflects the seriousness of the offense, promotes respect for the law, protects the public from further crimes by Mr. Severino, and addresses the issues of deterrence and punishment." This timely appeal followed.

### III. Analysis

On appeal, Severino raises a variety of claims as to his sentence. It is unclear from his brief to what extent he is raising a claim of substantive as well as procedural error; however, it appears that he argues that his ultimate sentence was substantively unreasonable as the result of procedural mistakes. We will first address his arguments regarding the district court's factfinding -- which are undoubtedly procedural in nature -- before proceeding to his challenge to the ultimate sentence, which appears to have both procedural and substantive elements.

### A. Procedural Challenge to Factfinding

Severino first argues that his sentence was procedurally unreasonable because the district court relied on facts that were not established. Specifically, he claims that the court improperly relied on the PSR in finding that he admitted to firing the weapon.

He further contends that his purported admission came during an unrecorded interview that violated a policy set forth in a Department of Justice ("DOJ") memorandum.[2] We reject his argument for two reasons.

First, Severino never filed a written objection to either the original PSR submitted on June 7, 2017, or the amended PSR filed on June 9, 2017.[3] "Generally, a party has 14 days after receipt of a presentence report within which to object in writing to, inter alia, 'material information' contained in that report." United States v. Cortés-Medina, 819 F.3d 566, 569 (1st Cir. 2016) (citing Fed. R. Crim. P. 32(f)(1)).[4] Following that period, if no

[2] This argument rests on Severino's belief that HSI agents violated a DOJ policy creating a "presumption in favor of recording . . . statements made by individuals in the custody of the FBI, the DEA, the ATF, and the United States Marshal Service." Press Release 14-548, Dep't of Justice, Attorney General Holder Announces Significant Policy Shift Concerning Electronic Recording of Statements (May 22, 2014), available at https://www.justice.gov/opa/pr/attorney-general-holder-announces-significant-policy-shift-concerning-electronic-recording.

[3] The differences between the two PSRs are not relevant for the purpose of resolving this appeal.

[4] The District of Puerto Rico's Local Rule 132(b)(3)(A) similarly states:

> Within fourteen (14) days from disclosure of the PSR, counsel for the government and counsel for the defense shall file and deliver to the probation office, and to each other, written objections to the facts or guideline application in the PSR. If counsel have no objections, each shall so notify the probation office, and each other, in writing. A party waives any objection to the PSR by failing to comply with this rule unless the Court

- 7 -

objections have been filed, "a PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing."  United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003) (quotation marks and citation omitted).

Assuming that his objection has not been waived,[5]  we evaluate this procedural claim under the rubric of plain error. Plain error review "entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness integrity, or public reputation of judicial proceedings."  United States v. Perretta, 804 F.3d 53, 57 (1st Cir. 2015) (citation and quotation marks omitted).  "Plain error review is not appellant-friendly," Cortés-Medina, 819 F.3d at 569, and "[t]he party asserting plain error bears the burden of

determines that the basis for the objection was not reasonably available prior to the deadline.

[5] Severino's failure to object to the PSR has potential implications for the standard of review, as it might be interpreted as a waiver.  "A party waives a right when he intentionally relinquishes or abandons it."  United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (citations omitted).  By contrast, a party forfeits a right when he "fails to make a timely assertion of [that] right."  Id. (citation omitted). While waived issues cannot be resurrected on appeal, forfeited issues may still be reviewed, "albeit for plain error."  United States v. Gaffney-Kessell, 772 F.3d 97, 100 (1st Cir. 2014) (citations omitted).  In any event, we need not decide whether this procedural argument was waived because it fails even under the more lenient forfeiture standard.

persuasion," United States v. Pabon, 819 F.3d 26, 33 (1st Cir. 2016) (citation omitted).

Here, Severino fails to even attempt to explain how the plain error standard has been satisfied.  As we have stated before, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Accordingly, even applying plain error review, Severino has waived any appellate argument concerning the procedural reasonableness of his sentence. See Pabon, 819 F.3d at 33-34 (holding failure to attempt to meet the four-part burden under plain error review constitutes waiver).[6]

Second, we note that even if an objection had been properly made to the PSR, and notwithstanding the likely appellate waiver, Severino's argument necessarily fails.  As we have stated, "[t]he defendant is free to [timely] challenge any assertions in the PSR with countervailing evidence or proffers, in which case the district court is obliged to resolve any genuine and material

---

[6] Severino relies on United States v. Rodríguez-Meléndez, 828 F.3d 35 (1st Cir. 2016) for the proposition that the district court committed procedural error.  In that case, we vacated a 36-month sentence and remanded the matter for resentencing when the district court committed erroneous factfinding. See id. at 39-40.  However, that case is inapposite because the district court's factfinding in Rodriguez-Melendez directly contradicted the relevant PSR. See id. at 37.  By contrast, here both the original and amended PSR explicitly stated that Severino admitted to firing the machine gun.

dispute on the merits." Cyr, 337 F.3d at 100. If, however, "the defendant's objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR." Id. (citation omitted).

At sentencing, Severino provided the district court with no evidence to substantiate his claims, nor did he propose to provide any such evidence. Therefore, the district court did not err in adopting the facts as stated in the PSR. See United States v. Grant, 114 F.3d 323, 328 (1st Cir. 1997) ("[A]lthough [defendant] objected to certain facts in the PSR . . . [he] did not provide the sentencing court with evidence to rebut the factual assertions [contained therein] . . . . Consequently, the court was justified in relying on the contested facts.").

### B.    Challenge to Reasonableness of Sentence

Severino also challenges the substantive reasonableness of his 40-month sentence, arguing that the 10-month upward variance was indefensible given his personal characteristics and first-time offender status. In support, he points to the relatively short amount of time between his arrest and plea and that he was a first-time offender. At his sentencing, Severino made no objection to the length of his sentence. While Severino now frames this claim of error as substantive, he proceeds to make a procedural argument criticizing the district court's weighing of the Guidelines sentencing factors. For analytical purposes only, we will construe

- 10 -

this argument as a challenge to both the procedural and substantive reasonableness of Severino's ultimate sentence.

"For procedural challenges, 'we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion.'" United States v. Santa-Otero, 843 F.3d 547, 550 (1st Cir. 2016) (quoting United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015)).

By contrast, "[i]n reviewing the [substantive] reasonableness of a sentence outside the Guidelines range, appellate courts may [] take the degree of variance into account and consider the extent of a deviation from the Guidelines." Gall v. United States, 552 U.S. 38, 47 (2007). "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court [] review[s] the sentence under an abuse-of-discretion standard." Id. at 51. Although "the standard of review for unpreserved challenges to the substantive reasonableness of a sentence remains unclear," an appellate court "only reverse[s] where the sentence is outside of the 'expansive universe of reasonable sentences.'" United States v. Rondón-García, 886 F.3d 14, 26 (1st Cir. 2018) (quoting United States v. King, 741 F.3d 305, 308 (1st Cir. 2014)).

Severino's argument fails under either standard of review. To the extent Severino's challenge is procedural, we find no fault in the court's evaluation of the Guidelines and required sentencing considerations. "When a court varies from the [Guidelines] . . . the factors deemed relevant by the sentencing court 'must add up to a plausible rationale' for the sentence imposed and 'must justify a variance of the magnitude in question.'" United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (citation omitted). "[T]hough a district court is obliged to consider all relevant § 3553(a) factors, it need not do so mechanically. That is, a district court is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." Ruiz-Huertas, 792 F.3d at 226-27 (quotation marks and citation omitted).

In addition, "the sentencing court may take into account the characteristics of the community in which the crime took place when weighing the offense's seriousness and the need for deterrence." United States v. Zapata-Vázquez, 778 F.3d 21, 23 (1st Cir. 2015) (citations omitted). "Community-based considerations are inextricably intertwined with deterrence . . . [and] the incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence." Flores-Machicote, 706 F.3d at 23. "After all, a heightened need for deterrence may well exist in a community where

violent crime is running rampant." United States v. Narváez-Soto, 773 F.3d 282, 286 (1st Cir. 2014) (citation omitted). "Nevertheless, '[a] sentencing judge's resort to community-based characteristics does not relieve him or her of the obligation to ground sentencing determinations in case-specific factors. It is possible for a sentencing judge to focus too much on the community and too little on the individual.'" Santa-Otero, 843 F.3d at 551-52 (citation omitted). "When . . . the district court explicitly states that it has considered the § 3553(a) factors, such a statement is entitled to some weight." Ruiz-Huertas, 792 F.3d at 227 (quotation marks, alterations, and citation omitted).

Severino does not offer any evidence to suggest that the district court improperly or incompletely considered § 3553(a) factors or his personal circumstances. See Santa-Otero, 843 F.3d at 552 ("Because the District Court expressly took note of the case-specific factors of [defendant's] criminal history and the specific firearm and ammunition [he] possessed, the District Court sufficiently emphasized the case-specific factors relative to the community-based characteristics."). The record indicates that the court did so explicitly, noting Severino's lack of relevant criminal history, acceptance of responsibility, age, education, and history of employment. Even if the emphasis on his personal circumstances was not as apparent as Severino would have preferred, "brevity is not to be confused with inattention.'" United States

- 13 -

v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014) (quotation marks and citation omitted).

In addition, Severino appears to take umbrage with the district court's statement that "the Court of Appeals has indicated[] this Court must consider Puerto Rico's high firearms and violent crime rate to impose the sentence in this case." While the usage of the term "must" was an error, Severino fails to show how that usage was prejudicial. After all, district courts regularly take into account "[c]ommunity-based considerations." E.g., Flores-Machicote, 706 F.3d at 23. The district court, notwithstanding the usage of the word "must," clearly justified the weight placed on this factor, noting the high level of violent crime in Puerto Rico, and importance of "preventing criminal behavior by the population at large, not just by the defendant being sentenced." Therefore, the error was harmless.

To the extent Severino's challenge is substantive, with the foregoing considerations in mind, the district court acted well within its discretion in imposing a 40-month sentence on Severino. See Santiago-Rivera, 744 F.3d at 234 ("There is rarely, if ever, a single correct sentence in any specific case. Instead, there is almost always a 'range of reasonable sentences' for any given offense." (citation omitted)).

**IV. Conclusion**

For the foregoing reasons, the district court's sentence is AFFIRMED.