# United States Court of Appeals
## For the First Circuit

No. 19-1907

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS ALBERTO AYALA-LANDOR,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Barron, Circuit Judges.

Julie Soderlund on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gregory B. Conner, Assistant United States Attorney, on brief for appellee.

April 13, 2021

**BOUDIN, <u>Circuit Judge</u>.**  Luis Alberto Ayala Landor ("Ayala") was arrested at the Plaza del Sol shopping center in Bayamón, Puerto Rico.[1]  When police officers asked if he had a firearm, he admitted that he had put a pistol in his companion's purse.  Because he had previously been convicted of a felony, he was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  He pled guilty.  His Guidelines Sentencing Range ("GSR") was thirty-seven to forty-six months in prison.  The district judge sentenced him to sixty months.  Ayala now appeals from his sentence.[2]

On this appeal, Ayala first argues that the sentencing judge based his sentence on unreliable information: specifically, a description in the presentence report ("PSR") of a juvenile burglary conviction in Puerto Rico court.  He claims the district court erred when it relied on the PSR to state:

> Mr. Ayala began his involvement with the law since the age of 17, when he was convicted as a minor for burglary. He entered a residence illegally and stole jewelry. He was sentenced to 36 months of imprisonment. His

---

[1]  He had been identified as a suspect in an unrelated murder investigation.

[2]  Ayala raised two procedural objections below: First, he argued that an upward variance based in part on his criminal history was unjustified because his criminal history score is already factored into the GSR.  Second, he claimed that the district court failed to consider certain mitigating factors.  But although he mentions these arguments in his issue headings on appeal, he does not develop them in his brief.  We consider both arguments waived.  <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

probation was revoked, and he served a total of 20 months of imprisonment.

Ayala did not object to the PSR below. Assuming this argument is not waived, our review of his claim that the description is unreliable is for plain error. See United States v. Severino-Pacheco, 911 F.3d 14, 20 (1st Cir. 2018). There is no reversible error. To see why, one needs to understand more precisely the nature of the claim he is now making, which rests on caselaw that has nothing whatever to do with the facts before us.

The doctrine rests on a case called Shepard v. United States, which holds that in order to determine whether a past conviction qualifies a defendant for sentencing under the Armed Career Criminal Act, the court may only rely on certain types of documents. See 544 U.S. 13, 16 (2005). Ayala claims that the description in the PSR of his burglary conviction is not reliable because it was not drawn from so-called "Shepard documents." But Shepard documents are "only needed 'to determine what crime . . . a defendant was convicted of.'" United States v. García-Cartagena, 953 F.3d 14, 21 (1st Cir. 2020) (quoting United States v. Mathis, 136 S. Ct. 2243, 2249 (2016)). The crime of conviction is not in dispute here, and Shepard does not apply.

The applicable rule as to whether the description in the PSR was reliable is this: "[w]here, as here, the characterization of an offense contained in a presentence report is not disputed

before the sentencing court, the report itself is competent evidence of the fact stated and, thus, is sufficient proof of that fact." United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007); see also Fed. R. Crim. P. 32(f)(1). Ayala acknowledges this rule but argues it should not apply to his burglary conviction because it was prosecuted in juvenile court. As such, his conviction resulted in no criminal history points, which, he contends, made it necessary that the sentencing court look at the conduct underlying the conviction in order to know how much weight to give to it. Ayala, however, cites no caselaw in support of this contention and so it must fail under plain error review.

Ayala takes another swing at the reliability argument, this time invoking United States v. Marrero-Pérez, 914 F.3d 20, 22-23 (1st Cir. 2019). That case, and others Ayala cites, e.g., United States v. Díaz-Rivera, 957 F.3d 20, 26 (1st Cir. 2020), stand for the proposition that proof of arrest is not proof of guilt. Here, the sentencing judge considered a conviction, not a bare arrest record -- the Marrero line of cases is inapposite.

He also argues that the district court imposed a departure, rather than a variance, without following the correct procedure.[3] But this claim of error rests on the proposition that

_____

[3]    Ayala's reasoning seems to be that the only way the judge could have properly imposed an above-guidelines sentence based on his past convictions is via a departure under U.S.S.G. §4A1.3. But that is a false premise: "[A] sentencing judge may consider

- 4 -

the judge imposed a departure. He didn't -- his analysis clearly invoked the sentencing factors in 18 U.S.C. § 3553(a), which this court has called "the hallmark of a variance." United States v. Santini-Santiago, 846 F.3d 487, 491 (1st Cir. 2017).

Next, Ayala contends that the court failed to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). His only support is that "[t]he average sentence for offenders convicted of violating only section 922(g) but not sentenced under ACCA was 59 months" and that "82.6% were sentenced within the guideline range." This argument must fail: For one thing, his sixty-month sentence was only one month above the cited average. For another, the fact that most defendants received a within-guidelines sentence does not mean that a modest variance was "unwarranted" in Ayala's case, given his criminal history and characteristics.

Finally, Ayala uses these same statistics to argue that his sentence was "greater than necessary" under 18 U.S.C. § 3553(a). But averages only get him so far, as sentencing judges must "custom-tailor" each sentence to each defendant. Flores-Machicote, 706 F.3d at 20. The district judge explained that

---

whether a defendant's criminal history score substantially underrepresents the gravity of his past conduct" as part of a § 3553 analysis. United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013).

because of Ayala's early involvement with the criminal justice system, the facts of his previous convictions, and his repeated possession of firearms, a within-Guidelines sentence would "not reflect the seriousness of the offense, [would] not promote respect for the law, [would] not protect the public from further crimes by Mr. Ayala, and [would] not address the issues of deterrence and punishment."  This is a "plausible sentencing rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008).

Affirmed.