# United States Court of Appeals
## For the First Circuit

No. 13-1302

UNITED STATES OF AMERICA,

Appellee,

v.

CÁNDIDO OBED APONTE-VELLÓN, a/k/a Obed,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco  A. Besosa, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

José Luis Novas Debien on brief for appellant.
     Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief, for appellee.

June 13, 2014

**HOWARD, Circuit Judge**.  After pleading guilty to robbery and brandishing a firearm during a robbery, Cándido Obed Aponte-Vellón ("Aponte") received consecutive incarcerative sentences of 72 months and 84 months.  On appeal, Aponte contends that the district court improperly departed upward from the applicable Guidelines sentencing range.  Because Aponte in fact received a sentence that varied from the applicable Guidelines ranges, rather than an upward departure under the Guidelines, and because we discern no plain error in the variance, we affirm.

## I.

In 2012, Aponte pleaded guilty to both counts of an indictment charging him and a co-defendant with robbery in violation of 18 U.S.C. §§ 2 and 1951 (Count One) and with knowingly carrying, using, and brandishing firearms during and in relation to the robbery in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) (Count Two).

After a futile flurry of pro se motions in which Aponte sought, inter alia, withdrawal of his guilty plea and appointment of new counsel, the case proceeded to sentencing in February 2013.[1]  Following a presentence investigation report ("PSR") issued in December 2012, the district court calculated an advisory Guidelines sentencing range of 24 to 30 months' imprisonment for Count One and a consecutive statutory minimum sentence of 84 months' imprisonment

---

[1]Aponte does not press any of these pro se claims on appeal.

for Count Two.  Ultimately, however, the court declined to follow the parties' recommended 108-month total sentence due to its concern over the lengthy record of arrests and pending charges set forth in Aponte's PSR:

> The Court finds . . . that the sentence to which the parties agree does not reflect the seriousness of the offense or promote[] respect for the law or protect[] the public from further crimes by Mr. Aponte.
> As part of a sentencing court's inquiry, a sentencing judge may consider whether a Defendant's criminal history score substantially underrepresents the gravity of his past conduct.  That is the case here.
> Mr. Aponte's record of past arrests or dismissed charges, even though there is an absence of any conviction, indicates a pattern of unlawful behavior.

The district court proceeded to recite the PSR's list of pending or dismissed state criminal charges against Aponte, including pending charges of first-degree murder, robbery, and firearm violations. In so doing, it recognized that some of the separately enumerated counts related to the same cases: "Some of those cases are the same, I recognize that."

The district court imposed prison sentences of 72 months on Count One and 84 months on Count Two, to be served consecutively for a total incarcerative term of 156 months.[2]  Following

---

[2]At sentencing, the district court stated that it was sentencing Aponte to 72 months on Count One and 84 months on Count Two "for a total of 166 months."  In its judgment and commitment order, the district court again imposed consecutive sentences of 72 and 84 months.  We therefore assume that the district court simply made a misstatement or erred in its arithmetic at the sentencing

-3-

imposition of sentence, Aponte objected that the court had erred in "depart[ing] upward from the guidelines," because "[t]he pre-sentence report did not identify any information that would warrant a departure." The district court responded, "It's not a departure. It's a variance." Aponte disagreed, and elaborated that the court needed to first "go by the guidelines, determine if there are any grounds for departure." The district court reiterated, "[T]his is a variance, and I don't have to do that." This appeal followed.

## II.

On appeal, Aponte raises four initial challenges to his sentence, each resting on the premise that his sentence represented an upward departure under the Guidelines. Specifically, Aponte contends that 1) the court failed to provide advance notice of its intent to depart from the Guidelines range, as required by Federal Rule of Criminal Procedure 32(h)[3]; 2) the court failed to determine the extent of the departure "by using, as a reference, the criminal history category applicable to defendants whose criminal history or

---

hearing, and that the total sentence was in fact <u>156</u> months' imprisonment.

[3]Rule 32(h) provides:

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

-4-

likelihood to recidivate most closely resembles that of the defendant's," U.S.S.G. § 4A1.3(a)(4); 3) the court failed to set forth in writing "the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," id. § 4A1.3(c)(1); and 4) the court improperly considered his prior arrest record for purposes of an upward departure, id. § 4A1.3(a)(3). In the alternative, he further avers that his sentence was improper even if construed as a variance because 1) the district court imposed the variant sentence without advance notice under Rule 32(h); and 2) the court failed to state adequate reasons for the variance and improperly relied upon his arrest record, rendering the sentence procedurally unreasonable.

Aponte's first four arguments fail for the simple reason that the district court imposed a variant sentence rather than an upward departure. A "departure," as explained by the Supreme Court, "is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Irizarry v. United States, 553 U.S. 708, 714 (2008). Variant sentences, by contrast, were enabled by the invalidation of the mandatory Guidelines regime in United States v. Booker, 543 U.S. 220 (2005), and result from a court's consideration of the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a).

-5-

See Irizarry, 553 U.S. at 714; United States v. Vixamar, 679 F.3d 22, 33 (1st Cir. 2012); see also United States v. Grams, 566 F.3d 683, 686-87 (6th Cir. 2009).

Although the district court explicitly described its sentence as a "variance," Aponte contends that this nomenclature is not dispositive and that the district court in fact relied on a "classic ground for departure under the guidelines," to wit, "reliable information indicat[ing] that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," U.S.S.G. § 4A1.3(a)(1).

The district court did indeed echo § 4A1.3(a)(1) in finding that Aponte's Guidelines criminal history score "substantially underrepresent[ed] the gravity of his past conduct" due to the pending and dismissed charges set forth in the PSR. But the court later explained that it was quoting from our opinion in United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013), in which we recognized that "[a]s part of [the § 3553(a)(1) 'history and characteristics' inquiry], a sentencing judge may consider whether a defendant's criminal history score substantially underrepresents the gravity of his past conduct." Moreover, the court only addressed Aponte's arrest record after stating that it had "also considered the other sentencing factors set forth in [§ 3553(a)]." Indeed, it specifically found "that the sentence to

-6-

which the parties agree does not reflect the seriousness of the offense or promote[] respect for the law or protect[] the public from further crimes by Mr. Aponte," factors properly considered under § 3553(a)(2)(A) & (C).

In short, nothing in the sentencing record persuades us that the district court intended to or in fact applied an upward departure under U.S.S.G. § 4A1.3(a)(1). Even if the court's sentencing rationale were ambiguous -- and we do not think that it is -- United States v. Marsh, 561 F.3d 81, 86 (1st Cir. 2009), teaches that any error in a departure is harmless where the district court would have imposed the same sentence as a variance in any event: "If we find an alleged Guideline error would not have affected the district court's sentence, we may affirm." That is the case here. Even reading the court's initial reference to Aponte's past arrests as invoking the application of a § 4A1.3(a)(1) upward departure, the court's subsequent description of its sentence as a "variance" and its citation to Flores-Machicote indicate that the court would have arrived at the same sentence even if a departure were unwarranted.

We therefore turn to Aponte's alternative assertions that his sentence was improper even as a non-Guidelines variance. The first of these contentions -- that Rule 32(h) requires advance notice even in the case of a variance -- warrants minimal scrutiny, as that precise argument was flatly rejected by the Supreme Court

in _Irizarry_. _See_ 553 U.S. at 716 ("The fact that Rule 32(h) remains in effect today does not justify extending its protections to variances . . . ."); _see_ _also_ United States v. _Fernández-Cabrera_, 625 F.3d 48, 52 (1st Cir. 2010) ("[T]he Supreme Court, in the post-_Booker_ era, has refused to expand the notice requirement announced in _Burns_ [v. _United States_, 501 U.S. 129 (1991) (codified as Rule 32(h))] beyond the narrow confines of a sentencing departure." (citing _Irizarry_, 553 U.S. at 714-15)). Rule 32(h) therefore placed the district court under no obligation to provide advance notice of the variance.

Aponte finally argues that his variant sentence was procedurally unreasonable because the district court failed to adequately weigh the § 3553(a) factors and "relied on the incorrect premise of a pattern of unlawful behavior" inferred from Aponte's arrest record. Aponte did not raise any such objection below; we accordingly review for plain error only. _See_ United States v. _Dávila-González_, 595 F.3d 42, 47 (1st Cir. 2010).

In Aponte's account of the sentencing, the district court merely "performed by what appears to be rote a recital of [Aponte's] past arrests and then after counsel's objection for failing to follow the requirements of U.S.S.G. § 4A1.3, then simply invoked the _Flores_[_-Machicote_] case and varied substantially without weighing any factors." Aponte therefore suggests that the district court failed to give adequate consideration to the

§ 3553(a) factors. See Gall v. United States, 552 U.S. 38, 49-50 (2007) (requiring the district court to "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party" and to "make an individualized assessment based on the facts presented").

We disagree with Aponte's characterization of the district court's sentencing decision. As mentioned above, the court stated that it had considered the § 3553(a) factors, and gave specific attention to "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)-(C). As we recognized in Flores-Machicote, 706 F.3d at 21, the determination of whether "a defendant's criminal history score substantially underrepresents the gravity of his past conduct" is also relevant to "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1). Admittedly, the district court did not go through each of the § 3553(a) factors one by one, but our caselaw does not demand such an exhaustive approach. See Marsh, 561 F.3d at 86 ("While the district court's explicit acknowledgment of § 3553(a) was brief, we do not require the court to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." (internal quotation marks omitted)); see also Dávila-González, 595 F.3d at 49 ("[T]he fact that the court stated that it

had considered all the section 3553(a) factors is entitled to some weight."). We therefore find no plain error in the district court's § 3553(a) calculus.

Finally, we also reject Aponte's contention that the district court placed too much weight upon his record of pending and dismissed state criminal charges. As we stated in Flores-Machicote, "[a] record of past arrests or dismissed charges may indicate a pattern of unlawful behavior even in the absence of any convictions." 706 F.3d at 21 (internal quotation marks omitted); see also United States v. Ocasio-Cancel, 727 F.3d 85, 91-92 (1st Cir. 2013). Aponte's PSR set forth three separate incidents of criminal conduct charged in state court: dismissed robbery and firearm charges from July 2010; pending aggravated robbery, first-degree murder, and firearm charges, and dismissed harm to a minor charges, from August 2010; and pending robbery and firearm charges from October 26, 2010, hours after the robbery to which Aponte pleaded guilty in this case. It was not plainly erroneous for the district court to have inferred a pattern of malfeasance from three separate incidents in a four-month span.

## III.

For the foregoing reasons, we **affirm** Aponte's sentence.