# United States Court of Appeals
## For the First Circuit

No. 15-1605

UNITED STATES OF AMERICA,

Appellee,

v.

KELVIN SANTINI-SANTIAGO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Torruella, Stahl, and Kayatta,
Circuit Judges.

Luz M. Ríos-Rosario on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

January 27, 2017

**KAYATTA**, **Circuit Judge**.    Kelvin Santini-Santiago ("Santini") pled guilty to being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] Although the applicable sentencing guidelines range recommended a term of imprisonment of twelve to eighteen months, the district court sentenced him to thirty-six months' imprisonment to be followed by a three-year term of supervised release.  Santini now challenges his sentence on three bases.  First, he contends that he did not receive adequate notice that the court was considering an upward departure from the applicable guidelines range.  Second, he argues that the district court inappropriately found facts and relied on unproven accusations to increase his term of imprisonment.  Third, he avers that the sentencing judge was biased against him and should have recused herself.  Finding none of these arguments persuasive, we affirm Santini's sentence.

## I.  Discussion

We typically review sentencing decisions for abuse of discretion.  Gall v. United States, 552 U.S. 38, 51 (2007). Because Santini failed to raise contemporaneous objections in the court below, however, "the plain error standard supplants the customary standard of review."  United States v. Arroyo-Maldonado,

---

[1] The plea agreement included an appellate waiver.  The parties agree, however, that the waiver does not bar this appeal because Santini's sentence exceeded the parties' stipulated range.

791 F.3d 193, 197 (1st Cir. 2015) (quoting United States v. Fernández-Hernández, 652 F.3d 56, 71 (1st Cir. 2011)). "Under this rigorous standard, an appellant must demonstrate '(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Colón de Jesús, 831 F.3d 39, 44 (1st Cir. 2016) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

Santini challenges only the procedural reasonableness of his sentence. We address his arguments in the order in which he presents them.

## A. Variance or Departure?

Santini first invokes Federal Rule of Criminal Procedure 32(h), which provides in pertinent part that "[b]efore [a] court may depart from the applicable sentencing range on a ground not identified for departure in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Santini contends that the sentence he received was the result of a departure from the applicable guidelines sentencing range based on the court's view of information contained in the presentence report probation supplied, and that neither the presentence report nor the court warned him that such a departure was in the offing.

- 3 -

Rule 32(h) is a vestige of the time before United States v. Booker, 543 U.S. 220 (2005), an era when the guidelines were mandatory and variances were little more than a gleam in the eye of the Supreme Court. See Fed. R. Crim. P. 32(h) advisory committee's note to 2002 amendment (describing the addition of Rule 32(h)). Booker eliminated the need for sentencing courts to rely on departures to justify movements away from the guidelines sentencing range. Booker, 543 U.S. at 259-60. Instead, post-Booker, a sentencing court can pick a sentence outside the applicable guidelines sentencing range simply by announcing a discretionary "variance." Rule 32(h), in turn, does not apply to variances. See Irizarry v. United States, 553 U.S. 708, 714 (2008); United States v. Pantojas-Cruz, 800 F.3d 54, 60 (1st Cir. 2015).

So one might therefore ask: Is there any situation in which a movement away from the applicable guidelines sentencing range can be justified as a departure, but not as a variance? For practical purposes, the answer would seem to be "no." The guidelines authorize a variety of "departures." Many account for identified "offense characteristics or offender characteristics." U.S.S.G. § 5K2.0, cmt. 2(A); id. §§ 5K2.1-24. Others counsel moving upward or downward from a given sentencing range based on a defendant's criminal history. See, e.g., id. § 4A1.3. Section 5K3.1 of the guidelines also authorizes departures for an

"early disposition program."  In short, departures are justified by reference to specified characteristics of the offense or the offender, or to an early disposition program.  Variances, in turn, can also be justified by "the nature and circumstances of the offense" and "the history and characteristics of the defendant," plus much more, such as "deterrence," inducing "respect for the law," and effective "correctional treatment."  18 U.S.C. § 3553(a); see Gall, 552 U.S. at 49-50.

All of this means that we are at a loss to identify any movement away from the applicable guidelines sentencing range that can be justified as a departure but not as a variance.  And absent such an example, or some change in either the sentencing factors provided under § 3553(a) or the Guidelines' grounds for departure, Rule 32(h) as it presently stands serves no substantive purpose at all.  See United States v. Brown, 732 F.3d 781, 786 (7th Cir. 2013) (opining that "Rule 32(h) has lost all utility").  Rather, it polices only a sentencing court's choice of labels.

Whether a violation of such a vestigial rule could ever qualify as plain error we need not decide because, in this case, the district court ultimately rested its rationale on the nomenclature of a § 3553(a) variance rather than a Rule 32(h) departure.  Indeed, this case well illustrates that a departure is just a variance by another name.  The objects of the district court's unease with a non-departing, non-varying sentence within

the applicable guidelines sentencing range were Santini's longtime drug use, his status as a fugitive charged with first degree murder and weapons violations, and the fact that he was captured carrying a stolen firearm after attempting to flee.  To describe the effect it proposed to give to these factors, the court at one point used language that signaled an intent to make a departure:

> in imposing the sentence[,] the Court will consider going upwards pursuant to the provisions of guideline section 4A1.3 and takes into consideration reliable information that concedes the possibility that this [defendant's] Criminal History category is substantially under represented and has substantially under represented the seriousness of the offense, the one that he was previously convicted.[2]

Just as we have already observed, the very same factors that prompted these comments also fit well within the scope of § 3553(a):  the fact that Santini was fleeing serious criminal charges, while armed, bore on the "seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), and the drug use and prior arrest bore on "the characteristics of the defendant," id. § 3553(a)(1). Apparently seeing this overlap, the district court abandoned its signaled departure route and expressly opted to engage in a variance, concluding that, "in defining the proper sentence for this defendant that will be consistent with one reflecting the

---

[2] Section 4A1.3 is entitled "Departures Based on Inadequacy of Criminal History Category."

seriousness of the offense charged and consistent as well with the actions that he had engaged in," the court would "engage in a variance." See United States v. Nelson, 793 F.3d 202, 206–07 (1st Cir. 2015) (finding a variance where "[t]he district court at one point used the term 'depart' but then expressly said that it was 'varying upward'" and "explained its decision to impose an above-the-range sentence by referencing not only the defendant's criminal record but also several of the enumerated section 3553(a) factors"). Setting a sentence in this manner is the hallmark of a variance, even when the sentencing court references U.S.S.G. § 4A1.3. See United States v. Aponte-Vellón, 754 F.3d 89, 93 (1st Cir. 2014).

For these reasons, the district court did not obviously violate Rule 32(h) when it decided to impose a sentence above the guidelines sentencing range, nor did the manner in which it proceeded affect Santini's substantial rights.[3] There was, in short, no plain error.

---

[3] This is not to say that advance notice is never required where a sentencing court engages in a variance; indeed, both we and the Supreme Court have suggested otherwise. See Irizarry, 553 U.S. at 715–16; United States v. Vega-Santiago, 519 F.3d 1, 5 (1st Cir. 2008) (en banc) ("[W]hen proposing to adopt a variant sentence relying on some ground or factor that would unfairly surprise competent and reasonably prepared counsel, a judge must either provide advance notice or, on request, grant a continuance in order to accommodate a reasonable desire for more evidence or further research."). Santini, however, neither moved for a continuance nor argues on appeal that reasonably competent counsel would have been unfairly surprised by the district court's variant sentence.

## B.  Proper Grounds for Variance

Santini's next argument is that the factors cited by the court in moving upward from the guidelines sentencing range were not factors that a court can rely on in sentencing.  First, he argues that the district court erred by accounting for unproven allegations supporting his state arrest on weapons and homicide charges, essentially penalizing him for criminal conduct for which he had not yet been convicted at the time of sentencing.  Second, he contends that the district court improperly based its decision on his "fail[ure] to turn himself in."  Third, he argues that it was inappropriate for the district court to consider either whether he "learn[ed] his lesson" from a previous conviction and sentence or whether he was carrying a dangerous weapon.

These challenges are unavailing because, among other things, they materially misconstrue the district court's decision-making process.  For one thing, taking note of the pendency of the criminal case against Santini neither constituted punishment for a crime not yet proven nor deprived Santini of his constitutionally guaranteed presumption of innocence.  The district court did not purport to impose an above-guidelines sentence as a consequence of the alleged criminal acts underlying Santini's state case.  Rather,

---

Nor, it seems, could he:  the facts upon which the district court based its variant sentence were undisputed and contained within the presentence report.  See Vega-Santiago, 519 F.3d at 5.

it took account of the fact that he was a fugitive from justice at the time of his arrest. Likewise, accounting for Santini's fugitive status in balancing the sentencing factors was the court's way of pointing out that when Santini committed the offense to which he pled guilty, he did so under circumstances that posed heightened risks: he was not merely a felon in possession of a firearm, but was a felon wanted for murder carrying a stolen gun and both hiding and fleeing from capture. So, too, the district court's evaluation of Santini's firearm possession and his failure to learn from his previous interaction with the criminal justice system was nothing more than an exercise in factor-balancing concerning the seriousness of Santini's crime and his likelihood to recidivate.

The district court evaluated the factors provided under 18 U.S.C. § 3553(a) and determined that an above-guidelines sentence was appropriate. Decisions like these are within the sound discretion of sentencing courts, and we "will not disturb a well-reasoned decision to give greater weight to particular sentencing factors over others." United States v. Gibbons, 553 F.3d 40, 47 (1st Cir. 2009). We are especially loath to meddle under a plain error standard of review, where an appellant must show a deprivation of his substantial rights. In sum, the district court's decision to impose a sentence of thirty-six months'

imprisonment followed by a three-year term of supervised release was not unreasonable.

**C.  Judicial Bias**

Finally, Santini makes a passing reference to what he views as actions of the district court that "created an appearance of bias or impartiality that could reasonably be questioned or considered 'actual bias' which warrants . . . recusal" under 18 U.S.C. § 455.  Santini makes no citation to the record and offers nothing in the way of argument to support this contention.  In light of his failure to develop an argument on this front, the issue is waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

## II.  Conclusion

The district court's "explanation, though brief, contained a clear, cogent, and coherent rationale for its decision."  United States v. Madera-Ortiz, 637 F.3d 26, 31 (1st Cir. 2011).  We accordingly affirm.