**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4261**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELRAY RANDALL, a/k/a Black,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:15-cr-00649-JKB-1)

Submitted: November 21, 2017                    Decided: December 4, 2017

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Purpura, Jr., OFFICE OF WILLIAM PURPURA, Baltimore, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delray Randall appeals the 96-month sentence imposed following his convictions for conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 371 (2012), and engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (2012). On appeal, Randall argues that the district court committed procedural error in imposing an above-Guidelines sentence without providing the parties prior notice. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. "Procedural errors include '. . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51).

District courts may impose sentences that exceed the applicable Sentencing Guidelines range in two circumstances. A sentence imposed within the structure of the Sentencing Guidelines—a departure—requires that the district court provide prior notice to the parties. USSG § 6A1.4, p.s.; Fed. R. Crim. P. 32(h). In contrast, when a district court imposes a variant sentence, it need not provide advance notice to the parties. *Irizarry v. United States*, 553 U.S. 708, 715 (2008). Variances arise not from the

2

Guidelines themselves, but from the district court's application of the relevant § 3553(a) factors and its inherent discretion in imposing a sentence. *Id.*

Randall does not dispute that advance notice is not required if a district court imposes a variance, nor does he dispute that the district court characterized the sentence as a variance. Rather, Randall asserts that the analysis undertaken by the district court, combined with the facts on which the court relied, belie its assertion that it imposed a variance and instead reveal the sentence to be a departure.

We conclude that the circumstances surrounding the district court's imposition of an above-Guidelines sentence make clear that the sentence was a variance, not a departure. The district court, when discussing the relevant § 3553(a) factors, explicitly identified Randall's criminal history as critical to a proper evaluation of his history and characteristics. The court noted Randall's extensive criminal background, his habit of violating supervised release, and his previous firearm conviction, and stated that the sum of those prior offenses "hits us right at the very first factor to be reckoned with and that is, what is the history of this defendant?" (Joint App'x. 111). The fact that the district court discussed Randall's criminal history in relation to the § 3553(a) factors is strong evidence that the court in fact imposed a variance, not a departure.

Although Randall argues that the district court applied much the same procedural analysis as is applied to a departure, the district court explained that it undertook that analysis to provide context and to assist appellate review of the sentence. Consequently, this analysis does not undermine the court's characterization of the sentence. *See United States v. Aponte-Vellon*, 754 F.3d 89, 93 (1st Cir. 2014).

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*