# United States Court of Appeals
## For the First Circuit

Nos. 17-1144, 17-1247

UNITED STATES OF AMERICA,

Appellee,

v.

JOSHUAN DAVID CABALLERO-VÁZQUEZ,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Johnny Rivera-González and Johnny Rivera's Law Office, on brief for appellant.
Mainon A. Schwartz, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

July 18, 2018

**TORRUELLA**, **Circuit Judge**.  After pleading guilty in two separate cases, Joshuan David Caballero-Vázquez was sentenced first for possessing ammunition as a convicted felon (the "Felon in Possession Case") and then for possessing a machine gun (the "Machine Gun Case").  In this consolidated appeal, he now challenges both of those sentences on procedural and substantive grounds.  We affirm both sentences.

## I. Background

We begin with an overview of the intertwined factual and procedural events leading up to this appeal.  Because this appeal follows two different guilty pleas, we draw the facts from the plea agreements, change-of-plea colloquies, presentence investigation reports (PSRs), and sentencing hearings in both cases.  See United States v. Reyes-Rivera, 812 F.3d 79, 82 (1st Cir. 2016).

### A.

We start with the facts giving rise to the Machine Gun Case.  On March 7, 2015, an officer from the Manatí, Puerto Rico Municipal Police stopped Caballero-Vázquez after observing him drive a Ford Edge against traffic, and then up onto the sidewalk. After asking Caballero-Vázquez for his license and registration, the officer noticed that the registration information Caballero-Vázquez provided did not match the number on the vehicle's

registration sticker. Suspecting a false registration sticker, the officer seized both Caballero-Vázquez and the Ford Edge and brought them to the Manatí Municipal Police Station. There, an inventory search of the vehicle yielded a loaded Glock .40 caliber pistol that had been modified to function as a machine gun. Moreover, a database search using the Glock's serial number would later reveal that it had been reported as stolen from the residence of its legal owner.

A grand jury returned a one-count indictment against Caballero-Vázquez for possessing a machine gun. See 18 U.S.C. §§ 922(o), 924(a)(2). On September 2, 2015, Caballero-Vázquez, after entering into a type-B plea agreement with the government, pleaded guilty to that count. See Fed. R. Crim. P. 11(c)(1)(B). The parties jointly calculated a guidelines range to serve as the basis for the plea agreement's sentencing recommendation. They began with a base offense level of 18, see U.S.S.G. § 2K2.1(a)(5), but then subtracted three levels because Caballero-Vázquez had accepted responsibility, see id. § 3E1.1, thereby arriving at an adjusted offense level of fifteen. The parties did not stipulate to any particular Criminal History Category (CHC). The parties then agreed to recommend that the district court sentence Caballero-Vázquez to a term of imprisonment at the lower end of whatever it ultimately determined to be the applicable guidelines

range. Caballero-Vázquez agreed to waive his right to appeal if he received a sentence in accordance with the plea agreement's recommendation.

The United States Probation Office then prepared a PSR, which differed from the parties' guidelines calculations in only one respect. The PSR added two levels because the firearm in question had been reported stolen, see id. § 2K2.1(b)(4), resulting in a total offense level of 17. The PSR assigned Caballero-Vázquez a criminal history score of zero. Caballero-Vázquez objected to the stolen-gun enhancement on the grounds that neither the indictment nor the plea agreement discussed the gun having been stolen. The government did not oppose that objection, consistent with the plea agreement's provision that neither party would seek additional offense-level enhancements or deductions.

**B.**

The facts of the Felon in Possession Case are these. While his objection to the stolen-gun enhancement in the Machine Gun Case was pending, officers from the Puerto Rico Police Department on patrol in Manatí spotted Caballero-Vázquez -- who had been released on bail -- driving a Hyundai Tucson that matched the description of a vehicle that had been reported stolen. The officers attempted to stop Caballero-Vázquez, but he did not acquiesce, and instead drove off. Reinforcements arrived and

blocked his path. Caballero-Vázquez pointed a gun at one of the vehicles blocking his way, and then proceeded to lead the officers on a high-speed chase through Manatí. Ultimately, Caballero-Vázquez abandoned his vehicle, leaving the keys in the ignition and the door open, and fled on foot. Officers discovered five .40 caliber bullets in the abandoned vehicle's cup holder. Caballero-Vázquez was later arrested at his residence in Manatí.

A grand jury returned an indictment charging Caballero-Vázquez with possessing ammunition as a person convicted of a crime punishable by a term of imprisonment exceeding one year -- his guilty plea in the Machine Gun Case supplying the predicate conviction. See 18 U.S.C. § 922(g)(1). As in the Machine Gun Case, he pleaded guilty after negotiating a type-B plea agreement with the government. Calculating the guidelines range for this plea agreement, the parties started with a base offense level of 14, see U.S.S.G. § 2K2.1(a)(6), added three levels because Caballero-Vázquez committed the underlying offense while on release, see id. § 3C1.3, but then subtracted three levels because Caballero-Vázquez had accepted responsibility, see id. § 3E1.1. The parties did not stipulate a CHC, but agreed to recommend a sentence of imprisonment at the middle of the applicable guidelines range "for a total adjusted offense level of 14, combined with [Caballero-Vázquez's CHC] as determined by the Court."

Caballero-Vázquez also agreed to waive his right to appeal so long as the district court accepted the recommendation contained in the plea agreement.

The PSR for the Felon in Possession Case likewise differed from the plea agreement in only one respect. It added a two-level enhancement because Caballero-Vázquez "recklessly created a substantial risk of death or serious injury to another person in the course of fleeing from law enforcement officers." See id. § 3C1.2.

## C.

Caballero-Vázquez received his sentence in the Felon in Possession Case first. The district court accepted the PSR's guidelines calculations and found Caballero-Vázquez to be in CHC I, resulting in an advisory sentencing range of twenty-one to twenty-seven months. The district court expressed its belief, however, that the parties' recommended sentence was too lenient. The district court therefore varied upwardly to sentence Caballero-Vázquez to forty-eight months' imprisonment. It then split that sentence into a thirty-six-month sentence for the underlying offense, and a twelve-month sentence for having committed that offense while on release. See U.S.S.G. § 3C1.3 cmt. 1 (explaining that, to comply with 18 U.S.C. § 3147, sentencing courts "should divide the sentence . . . between the

sentence attributable to the underlying offense and the sentence attributable to the enhancement").

Sentencing in the Machine Gun Case then took place. The district court ultimately sustained Caballero-Vázquez's objection to the two-level stolen-gun enhancement. An addendum to the PSR thus eliminated that enhancement, but added three criminal history points to reflect the outcome of the Felon in Possession Case. This put Caballero-Vázquez in CHC II. The district court adopted the plea agreement's guidelines calculation, which, when combined with Caballero-Vázquez's new CHC, resulted in a range of twenty-one to twenty-seven months. Finding a higher-end guidelines sentence to be appropriate, the district court imposed a sentence of twenty-seven months' imprisonment, to be served consecutively with Caballero-Vázquez's sentence in the Felon in Possession Case.

Caballero-Vázquez now challenges his sentences in both cases.

## II. Analysis

Caballero-Vázquez and the government both agree that his appellate waivers are unenforceable because, despite what the plea agreements recommended, he did not receive a lower-end guidelines sentence in the Machine Gun Case, and his sentence in the Felon in Possession case was not based on a total offense level of fourteen. Those waiver provisions, therefore, do not prevent us from

considering the procedural and substantive challenges that Caballero-Vázquez now brings.

**A.**

We begin with Caballero-Vázquez's claims of procedural unreasonableness. "[S]ignificant procedural error[s]" include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." United States v. Martin, 520 F.3d 87, 92 (2008) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

The government contends that -- because Caballero-Vázquez failed to raise any procedural objections below -- we must review only for plain error. Caballero-Vázquez's appellate brief does not make any explicit arguments about the proper standard of review. Nonetheless, even if we assume that Caballero-Vázquez should benefit from a more favorable standard of review than plain error, his procedural challenges still fail. In considering these challenges -- consistent with our assumption that plain error review is not warranted here -- we review the sentencing courts' interpretation and application of the guidelines de novo, their factual findings for clear error, and their "judgment calls" for

-8-

abuse of discretion. United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015).

**1.**

Caballero-Vázquez first challenges both sentencing courts' use of the factors that 18 U.S.C. § 3553(a) sets forth, which are, by that provision's own terms, "to be considered in imposing a sentence." Here, both courts were explicit about having arrived at their sentencing decisions after considering the § 3553(a) factors. Those statements are "entitled to significant weight." United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014). But, Caballero-Vázquez presses that both sentencing courts unduly focused only on the negative factors. Claims of this sort face an uphill battle. "Decisions [that involve weighing the § 3553(a) factors] are within the sound discretion of sentencing courts, and we 'will not disturb a well-reasoned decision to give greater weight to particular sentencing factors over others.'" United States v. Santini-Santiago, 846 F.3d 487, 492 (1st Cir. 2017) (quoting United States v. Gibbons, 553 F.3d 40, 47 (1st Cir. 2009)).[1]

---

[1] Caballero-Vázquez has not specified whether the sentencing courts' purported failure to consider mitigating factors goes to the procedural or substantive reasonableness of his sentences. The government treats these arguments as relevant to procedural reasonableness. We note that our precedent is less-than-clear as to whether a sentencing court's weighing of mitigating factors implicates procedural or substantive reasonableness. For example,

It is true that both sentencing courts emphasized the factors they found to cut in favor of a harsher sentence. In the Felon in Possession Case, the district court noted that Caballero-Vázquez had pointed a gun at a police officer, and then led officers on a high speed chase against the flow of traffic, which placed innocent bystanders at risk. Likewise, in the Machine Gun Case, the sentencing court highlighted "the serious nature of the offense of conviction, which involved the possession of a machine gun," and also noted that Caballero-Vázquez committed another offense while on release. Nonetheless, both sentencing courts also expressly considered potential mitigating factors. In the Felon in Possession Case, the court made reference to Caballero-Vázquez having completed a GED, being employed, having one

---

both Santini-Santiago, and Alejandro-Rosado regard challenges of this sort as procedural reasonableness challenges, but in analyzing them, cite cases that address them as substantive reasonableness challenges. See Santini-Santiago, 846 F.3d at 489, 492 (quoting Gibbons, 553 F.3d at 47); United States v. Alejandro-Rosado, 878 F.3d 435, 439 (1st Cir. 2017) (citing United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015)); cf. United States v. Ruiz-Huertas, 792 F.3d 223, 227 (1st Cir. 2015) (finding no procedural error when "the defendant's real complaint is not that the court failed to consider the section 3553(a) factors, but that the court did not assign the weight to certain factors that the defendant thought appropriate"). But see Gall, 552 U.S. at 57-59 (treating the district court's weighing of mitigating factors as relevant to substantive reasonableness). We need not decide how to properly characterize such arguments here, though, because our assumed standard of review for Caballero-Vázquez's procedural and substantive reasonableness challenges is abuse of discretion. See supra § II.A; infra § II.B.

dependent, and having a history of using controlled substances. And in the Machine Gun Case, the sentencing court noted that Caballero-Vázquez "has a baby daughter," had completed a GED, was employed prior to his arrest, and has a history of substance abuse.

We discern no error. "Though the district court's consideration was unfavorable to the defendant, the fact that it weighed some factors more heavily than others does not amount to procedural error." Alejandro-Rosado, 878 F.3d at 439 (citing United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015)); see also United States v. Cruz-Vázquez, 841 F.3d 546, 550 (1st Cir. 2016). Moreover, to the extent that Caballero-Vázquez protests that the sentencing courts glossed over certain mitigating factors included in the PSRs -- e.g., that his biological father died before his birth, or that his mother and step-father suffered from depression and anxiety -- those arguments are similarly unavailing. See United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012) ("The potentially mitigating factors [the defendant] identifies on appeal were thoroughly discussed in the presentence report; that the district court did not explicitly mention them during the sentencing hearing suggests they were unconvincing, not ignored.").

**2.**

Caballero-Vázquez's challenges to the calculation of his CHC in both cases also fail, as neither CHC calculation was the product of error. When Caballero-Vázquez was sentenced in the Felon in Possession Case -- though still awaiting his sentence in the Machine Gun Case -- he had nonetheless already pleaded guilty to possessing a machine gun. As a result, the sentencing court properly counted that offense towards his CHC. See U.S.S.G. § 4A1.2(a)(4) ("Where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under § 4A1.1(c) if a sentence resulting from that conviction otherwise would be countable."). Thus, we find no error in Caballero-Vázquez's resulting criminal history score of one, which put him in CHC I. See id. §§ 4A1.1(c), 5A. Nor did the sentencing court in the Machine Gun case miscalculate Caballero-Vázquez's CHC. It correctly found that Caballero-Vázquez's sentence in the Felon in Possession Case corresponded to an additional three criminal history points, which put him in CHC II. See id. §§ 4A1.1(a), 5A.

**3.**

Caballero-Vázquez's final procedural challenge involves the determination of the sentencing court in the Machine Gun Case that he should serve his sentence in that case consecutively to

his sentence in the Felon in Possession case. But that decision, as Caballero-Vázquez acknowledged before the district court and in his appellate brief, is discretionary in nature. See United States v. Carrasco-De-Jesús, 589 F.3d 22, 27 (1st Cir. 2009). 18 U.S.C. § 3584(b) instructs courts to consider the § 3553(a) factors in deciding whether a sentence should run concurrently and consecutively. And here, our recognition that the court in the Machine Gun Case properly considered those factors in fashioning Caballero-Vázquez's sentence also leads us to conclude that it did not abuse its discretion in imposing that sentence consecutively.

**B.**

We now turn to Caballero-Vázquez's insistence that his high-end guidelines sentence in the Machine Gun Case and his upwardly variant sentence in the Felon in Possession case were both substantively unreasonable. Here too, we can assume that our standard of review is for abuse of discretion. See Vargas-García, 794 F.3d at 167 (observing that "most courts hold that an objection in the district court is not needed to preserve a claim that a sentence is substantively unreasonable" and assuming that abuse of discretion is the proper standard) (citing Ruiz-Huertas, 792 F.3d at 228). We have recognized that "[t]he hallmarks of a substantively reasonable sentence are 'a plausible sentencing rationale and a defensible result.'" United States v. Zapata-

-13-

Vázquez, 778 F.3d 21, 24 (1st Cir. 2015) (quoting Martin, 520 F.3d at 96).  Both of the sentences at issue here exhibit these features.

In the Felon in Possession Case, the court found an upward variance justified, among other reasons, because Caballero-Vázquez was on release when he committed the offense, and because he had pointed a gun at an officer while attempting to avoid apprehension.  In the Machine Gun Case, the district court found a sentence at the upper end of the applicable guidelines range to be appropriate, among other reasons, in light of the facts of the Felon in Possession Case.  These sentencing rationales do strike us as plausible.  See id.  And whether we take both of them individually or analyze them together, we cannot avoid the conclusion that Caballero-Vázquez's consecutive twenty-seven and forty-eight month sentences both occupy "the expansive universe of substantively reasonable sentences."  United States v. Matos-De-Jesús, 856 F.3d 174, 180 (1st Cir. 2017).

### III. Conclusion

Because Caballero-Vázquez's procedural and substantive challenges to his sentences fail, we **affirm** both sentences.