# United States Court of Appeals
## For the First Circuit

No. 19-1238

UNITED STATES OF AMERICA,

Appellee,

v.

LEONARDO ACEVEDO-VÁZQUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Boudin, and Lynch,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Section, and Joseph A. Niskar, Assistant Federal Public Defender, on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, Jonathan E. Jacobson, Assistant United States Attorney, on brief for appellee.

October 6, 2020

**BOUDIN, Circuit Judge**.  On October 7, 2016, Leonardo Acevedo-Vázquez stole a Cadillac Escalade in Bayamón, Puerto Rico while pointing a .38 caliber revolver at its owner.  The police found the stolen car and arrested Acevedo-Vázquez and his accomplice.  Acevedo-Vázquez pled guilty to the carjacking, see 18 U.S.C. § 2119(1), and to using a firearm during and in relation to a crime of violence, see 18 U.S.C. § 924(c)(1)(A)(ii).

By the time of his sentencing, on February 21, 2019, Acevedo-Vázquez was already serving a thirty-year prison sentence for unrelated offenses in the Commonwealth of Puerto Rico, and the prosecution agreed to recommend that any prison time related to the carjacking be served concurrently to that sentence.

For the carjacking, Acevedo-Vázquez's presentence report calculated a recommended range of seventy to eighty-seven months in prison pursuant to the federal sentencing guidelines. At sentencing, Acevedo-Vázquez requested that he be sentenced to the low-end of that range and that the prison time run concurrently to the Commonwealth sentence. For use of a firearm during and in relation to a crime of violence, he requested the statutory minimum of five years running consecutively to the Commonwealth sentence.

Acevedo-Vázquez's attorney also emphasized that Acevedo-Vázquez suffers from drug addiction, ADHD, familial abandonment, and severe depression and asked the district court to take those circumstances into account in fashioning his sentence, to allow

him to earn his GED, and to ensure that he participate in drug treatment programs, mental health programs and vocational training programs while in prison.

The district court sentenced Acevedo-Vázquez to eighty-seven months on the carjacking to be served consecutively to the Commonwealth sentence. The court said that it had reviewed the presentence report and "considered the other sentencing factors set forth in Title 18, United States Code section 3553(a)" but that it found "the sentence to which the parties agree does not reflect the seriousness of the offense, does not promote respect for the law, does not protect the public from further crimes by Mr. Acevedo, and does not address the issues of deterrence and punishment." AA. 60-62. The court also sentenced Acevedo-Vázquez to five years for use of a firearm and five years of supervised release.

Acevedo-Vázquez appealed. On appeal, he contends that his sentence was (1) procedurally unreasonable because "the district court abandoned its sentencing discretion by not considering the specific circumstances warranting a partially concurrent sentence" and (2) substantively unreasonable. Appellant's Opening Br. 13.

Review of the reasonableness of a sentence is for abuse of discretion if the objection was preserved or for plain error if the challenge was raised for the first time on appeal. See United

States v. Arroyo-Maldonado, 791 F.3d 193, 197 (1st Cir. 2015). As soon as the sentence was announced, Acevedo-Vázquez's attorney preserved an objection that the sentence was substantively and procedurally unreasonable, arguing that the aggregate sentence of 42 years did not "take[] into consideration sufficiently [Acevedo-Vázquez's] mental illness, his need for drug treatment, and the facts and circumstances leading up to the commission of this offense."  AA. 66.

The Supreme Court has laid out a two-part test for assessing the reasonableness of a sentence.  First, an appellate court must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-- including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed . . . [taking] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Gall v. United States, 552 U.S. 38, 51 (2007).

This court knows "that the district court 'possesses a number of institutional advantages, including a superior coign of

-4-

vantage, greater familiarity with the individual case, the opportunity to see and hear the principals and the testimony at first hand, and the cumulative experience garnered through the sheer number of district court sentencing proceedings that take place day by day.'" United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). It thus "grant[s] district courts wide latitude in making individualized sentencing determinations." Martin, 520 F.3d at 92.

Procedural Reasonableness. "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). A district court "in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)" 18 U.S.C. § 3584(b). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the range proposed by the guidelines, and any pertinent policy statements--in this case U.S.S.G. § 5G1.3(d). See 18 U.S.C. § 3553(a).

Acevedo-Vázquez claims that the court erred by failing to consider the § 3553(a) factors, including those enumerated in U.S.S.G. § 5G1.3(d) cmt. 4, when it decided that his federal

sentence would run consecutively to his Commonwealth sentence. In this case, however, the district court explicitly stated that it considered all of the § 3553(a) factors. See generally, United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011). In fact, when fashioning Acevedo-Vázquez's sentence, the court recommended that Acevedo-Vázquez participate in mental health, drug, and alcohol treatment, any available vocational programs, and courses "leading to a high school degree," demonstrating its awareness of his circumstances.

Furthermore, the district court referenced the § 3553(a) factors when it explained why it chose a prison term at the high-end of the sentencing guidelines range, emphasizing the violent nature of the offense and the need to protect the public. That explanation was sufficient to justify the district court's decision to impose its sentence consecutively, rather than concurrently, to the Commonwealth sentence. See United States v. Caballero-Vázquez, 896 F.3d 115, 120-21 (1st Cir. 2018).

Substantive Reasonableness. "The 'linchpin' of our review for substantive reasonableness is a determination about whether the sentence reflects 'a plausible . . . rationale and a defensible result.'" United States v. King, 741 F.3d 305, 308 (1st Cir. 2014) (quoting Martin, 520 F.3d at 96). Here, the district court's determination fell well within "the expansive boundaries of the entire range of reasonable sentences." United

-6-

States v. Vargas-Dávila, 649 F.3d 129, 130 (1st Cir. 2011) (internal quotation omitted).

Affirmed.