# United States Court of Appeals
## For the First Circuit

No. 19-1488

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

GILBERTO LABOY-NADAL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Barron, Circuit Judges.

Marie L. Cortés-Cortés on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gregory B. Conner, Assistant United States Attorney, on brief for appellee.

March 30, 2021

**BOUDIN**, **Circuit Judge**.  Officers of the Puerto Rico Police Department arrested Gilberto Laboy-Nadal ("Laboy") after watching him toss a bag containing a loaded machinegun, an ammunition magazine, and ammunition onto a patio in Ponce, Puerto Rico.  He was charged with unlawfully possessing a machinegun, 18 U.S.C. § 922(o), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  He pled guilty to both counts.

Laboy's Guidelines Sentencing Range ("GSR") was sixty-three to seventy-eight months, but the district judge sentenced him to 100 months in prison and two years of supervised release.  He now appeals his sentence.  Based on the issues raised, our review is for abuse of discretion.  United States v. Santiago-Rivera, 744 F.3d 229, 232 (1st Cir. 2014).[1]

Laboy argues that his sentence was unreasonable because the judge relied on a Guideline provision that authorizes a departure when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," U.S.S.G. §4A1.3(a)(1), but in deciding that Laboy's criminal history was underrepresented, the judge impermissibly

---

[1]     The government argues Laboy did not preserve his procedural objections below, which would entitle him to only plain error review.  See United States v. Arroyo-Maldonado, 791 F.3d 193, 199 (1st Cir. 2015).  However, his claims fail even under the less deferential abuse of discretion standard.

focused on Laboy's number of prior convictions rather than the nature of each prior offense, see U.S.S.G. §4A1.3 cmt. n.2(B). His second claim is that the judge failed to "structure the departure" as the Guidelines require, by "moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. §4A1.3(a)(4)(B).

The government's answer is that the district judge imposed a variance, not a departure, because the analysis at sentencing tracked the statutory factors relevant when imposing a variance. See 18 U.S.C. § 3553(a). Although this court has sometimes characterized above-Guidelines sentences as variances despite the sentencing court's "stray" use of the word "depart," those cases involved judges who said they were "departing" from the Guidelines but then corrected themselves, or who used "variance" and "departure" alternately. E.g., United States v. Ríos-Rivera, 913 F.3d 38, 45 (1st Cir. 2019); United States v. Nelson, 793 F.3d 202, 206-07 (1st Cir. 2015).

Here, the judge noted that "the Court considers an upward departure pursuant to the provisions of United States Guidelines 4A1.3(a)(1)," immediately before announcing Laboy's sentence. And despite repeated invocation and analysis of the 18 U.S.C. § 3553(a) factors, the judge never uttered the words "variance" or "vary"

during sentencing. It is therefore at least ambiguous whether the district court was imposing a variance or a departure.

Ultimately, though, it does not matter: "any error in a departure is harmless where the district court would have imposed the same sentence as a variance in any event." United States v. Aponte-Vellón, 754 F.3d 89, 93 (1st Cir. 2014). Even if the district court imposed a departure rather than a variance, its analysis tracked the § 3553(a) factors (including, contrary to Laboy's argument, by examining the nature and circumstances of his past convictions in addition to their number).

Laboy points out that the court cited a departure provision, U.S.S.G. §4A1.3(a)(1), that depended on his criminal history and likelihood of recidivism. But those considerations are among the § 3553(a) factors, see 18 U.S.C. § 3553(a)(1), (2)(C), and a variance analysis may "echo" a departure consideration, United States v. Acevedo-López, 873 F.3d 330, 342 (1st Cir. 2017) (quoting Aponte-Vellón, 754 F.3d at 93). Because it analyzed the § 3553(a) factors, which this court has called "the hallmark of a variance," United States v. Santini-Santiago, 846 F.3d 487, 491 (1st Cir. 2017), we are confident that the court would have arrived at the same sentence had it done so under the name of a variance.

Finally, Laboy argues that his sentence was unreasonably long because the court overstated his criminal history and failed

to consider his drug addiction as a mitigating factor.  The sentence will stand if the court put forth a "plausible sentencing rationale and a defensible result."  United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008).

The court's focus on Laboy's past convictions does not take this sentence out of the broad universe of reasonable sentences -- Laboy had twenty-three criminal history points at the time of sentencing, easily surpassing the thirteen points that would put him in the highest criminal history category under the Guidelines.  A court is entitled to rely on the "history and characteristics of the defendant" as well as the need for the sentence to promote respect for the law, deter future criminal conduct, and protect the public.  18 U.S.C. § 3553(a)(1)-(2). Laboy's extensive criminal history bears on all those considerations.  Similarly, the court did consider Laboy's history of drug use, and it did not err merely by giving that potentially mitigating factor less weight than Laboy argues it should have. See United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

**Affirmed.**