# United States Court of Appeals
## For the First Circuit

No. 07-2604

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN L. RICCIO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, Senior U.S. District Judge]

Before

Howard and Stahl, Circuit Judges,
and Besosa, District Judge.[*]

Kathleen J. Hill for appellant.
Donald C. Lockhart, Assistant United States Attorney,
with whom Robert Clark Corrente, United States Attorney, and
Zechariah Chafee, Assistant United States Attorney, were on
brief, for appellee.

**ORDER OF COURT**
**Entered: June 3, 2009**

[*]Of the District of Puerto Rico, sitting by designation.

**Besosa**, <u>District Judge</u>.  Appellant John L. Riccio was convicted of violating 18 U.S.C. § 1001 by submitting a false statement on a background check form (SF-86) to his former employer, the Transportation Security Administration (TSA).  Mr. Riccio was later sentenced to a three-month prison term, with two years of supervised release.  In an earlier opinion, we affirmed the judgment of the district court.  <u>United States</u> v. <u>Riccio</u>, 529 F.3d 40 (1st Cir. 2008).

Appellant filed a Petition for Rehearing and Motion for Clarification requesting that we amend our opinion because the government had conceded that the trial judge's **oral** pronouncement that Mr. Riccio continue his current mental health counseling, which was on an outpatient basis, as a condition of release would "control over the written condition which included in-patient treatment as well."[1]  The government's response to the petition sings a somewhat different tune.  Basing its argument on this court's opinion, the government stated that because there was no <u>material</u> conflict between the oral sentence and the written judgment, the government's statement at oral argument does not provide a basis for clarifying our decision.

Having reviewed the audio-recording of the argument held on March 4, 2008, we conclude that the government made the

---

[1] Fed. R. App. P. 40(a)(4) provides that if a petition for rehearing is granted, the court may "make a final disposition of the case without reargument."

concession the defendant argues for at oral argument.  The government said the following:

> "We concede that if the defense is willing to live with the oral condition as it was pronounced at sentencing then we are willing to live with it as well.  And as Judge Stahl has pointed out, normally the oral condition controls anyway.  I had thought there was a broader attack on the condition, but if the defense is withdrawing the other facets of its attack. . ."

While we have recently held, in a somewhat different context, that "[t]his court is not bound by a party's concessions," United States v. Borrero-Acevedo, 533 F.3d 11, 15 n. 3 (1st Cir. 2008) (citing United States v. Mescual Cruz, 387 F.3d 1, 8 n. 2 (1st Cir. 2004)), w4e have also held that an oral sentence prevails over a written judgment if there is a material conflict between the two.  See United States v. Sepúlveda-Contreras, 466 F.3d 166, 169 (1st Cir. 2006).  Outpatient mental treatment is sufficiently materially different from inpatient mental treatment for us to require the district court make sure that its written sentencing judgment is the same as its oral sentencing judgment.

Appellant's Motion for Clarification is granted and our original decision is modified to reflect the government's concession at oral argument.  We remand the case to the district court so that the written judgment may be corrected to conform to

the judge's oral pronouncement at the sentencing hearing.

**SO ORDERED.**

By the Court:

/s/ Richard Cushing Donovan, Clerk

cc: Hon. Ernest C. Torres, Mr. David DiMarzio, Clerk, United States District Court for the District of Rhode Island, Mr. Lockhart, Ms. Hill, & Mr. Chafee..