**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1224

UNITED STATES OF AMERICA,

Appellee,

v.

SERGIO SANTA-OTERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

Alejandra Bird López on brief for appellant.
Tiffany V. Monrose, Assistant United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United Sates Attorney, on brief for appellee.

July 13, 2015

**BARRON**, **Circuit Judge**.  The defendant in this federal gun crime case challenges his sentence on a number of grounds.  We vacate and remand for resentencing consistent with this opinion.

## I.

On August 12, 2013, Puerto Rico law enforcement officers performed a traffic stop after noticing a driver smoking what appeared to be marijuana.  The officers asked the driver -- later identified as Sergio Santa-Otero, the defendant-appellant here -- whether, in addition to the marijuana, there was anything else illegal in the car.  Santa informed the officers that he had a gun and some ammunition inside a black fanny pack.  The officers seized a loaded Glock pistol from the fanny pack.  At some point, Santa told the officers not to touch the gun's trigger because the gun had a "chip" and thus could fire as an automatic weapon.  The officers also recovered from the car four loaded Glock pistol magazines, two additional loaded high-capacity magazines, and more than one hundred .40-caliber rounds of ammunition.

Federal authorities charged Santa with unlawfully possessing a machine gun in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2), and with unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Santa pled guilty to both counts.

The plea agreement recommended a sentence between 33 and 41 months in prison, which was the range recommended by the

sentencing guidelines assuming that Santa's criminal history category was II. The probation office subsequently determined, however, that Santa's criminal history category was III, not II, and thus that the proper guidelines range for Santa was 37 to 46 months.

The District Court did not sentence Santa within even that higher range. The District Court instead imposed a sentence of 65 months in prison. At the sentencing hearing, the District Court explained that, due to the seriousness of the "arsenal" Santa possessed at the time of arrest and Santa's "prior convictions at the state level," a "nefarious" purpose motivated Santa's unlawful possession of the automatic weapon and ammunition.

One of Santa's two prior convictions was for domestic violence. Santa apparently had "[p]unched the woman in the face and body, [and] broke[n] her nose." The other conviction was for simple possession of controlled substances. The District Court repeatedly mischaracterized that conviction, however, as one for possession with intent to distribute. Santa now appeals his sentence chiefly on the basis of that error.[1]

---

[1] Because the District Court did not sentence Santa within the terms of the plea agreement, the government rightly acknowledges that the agreement's waiver-of-appeal clause does not bar the present appeal.

Santa argues that the District Court clearly erred in finding that Santa had been convicted of possession with intent to distribute controlled substances, when in fact he was convicted of simple possession.  Santa is right, and even the government now concedes the point.  The dispute, then, is over the consequences of the District Court's error.

The government contends the error was harmless.  To decide whether it was, we look to see if the error "affect[ed] the district court's selection of the sentence imposed." United States v. Tavares, 705 F.3d 4, 26-27 (1st Cir. 2013) (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).  "If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required . . . ." Williams, 503 U.S. at 203.

In contending the error did not affect the sentence, the government argues that the error did not alter Santa's criminal history category under the sentencing guidelines.  Under the guidelines, the criminal history category helps to determine the recommended sentencing range.  But the District Court did not impose a sentence within the guidelines range. The District Court instead imposed a sentence that varied considerably upwards from that guidelines range. The government's argument for why the error was harmless is therefore insufficient.

Instead, the key question is whether the error affected the extent of the variance. As to that point, the District Court, in explaining its rationale for the upward variance, expressly referenced the supposed drug trafficking offense three times during the sentencing hearing. And the District Court, in justifying the sentence, both highlighted Santa's "prior convictions at the state level" and concluded that "any reasonable person can infer [that] a person with [Santa's] history and his criminal history, and that amount of ammunition and kind of gun and arsenal, . . . had no good purposes or intents by having . . . that firearm and those high capacity magazines." (Emphasis added.) But the District Court may have viewed Santa's criminal history -- and the plausibility of his alleged innocent intention for possessing the firearm, ammunition, and magazines -- differently had it properly understood that the defendant's prior drug conviction was for mere possession and not possession with intent to distribute. Then again, maybe not. Ultimately, however, while Santa's sentence "might well have been the same regardless of" the error, given the emphasis the court placed on it "we are not certain enough to find harmless error." United States v. McGhee, 651 F.3d 153, 158 (1st Cir. 2011). We thus cannot say the government has met its burden of showing that the District Court's mistaken understanding of the defendant's prior drug conviction

had no effect on the sentence.  See Tavares, 705 F.3d at 26-27.
We therefore vacate Santa's prison sentence.[2]

### III.

That leaves one final issue.  The District Court orally imposed a three-year term of supervised release, but the final written judgment purported to impose a five-year supervised release term.  Santa asks that we vacate the supervised release portion of the sentence and remand so that the District Court may conform the supervised release term to the term set forth in the District Court's oral sentence.  Because "an oral sentence prevails over a written judgment if there is a material conflict between the two," United States v. Riccio, 567 F.3d 39, 40 (1st Cir. 2009), the government rightly concedes that the District Court erred in imposing the five-year supervised release term set forth in the written judgment.  We therefore vacate Santa's supervised release term so that it may be corrected on remand.

### IV.

For the reasons provided above, we vacate Santa's prison sentence and supervised release term and remand for resentencing.

---

[2] Because we reach that conclusion, we need not address Santa's separate contention that insufficient evidence supported the District Court's conclusion that Santa necessarily had a "nefarious" purpose in possessing the weapon and ammunition.