**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4167**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIAM TODD COONTZ,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00184-RJC-DSC-1)

Submitted:  February 21, 2020                    Decided:  April 17, 2020

Before GREGORY, Chief Judge, and WYNN and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David G. Barger, GREENBERG TRAURIG, LLP, McLean, Virginia, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted William Todd Coontz on three counts of willful failure to pay income taxes (Counts 1 to 3), in violation of 26 U.S.C. § 7203 (2018), and four counts of aiding and assisting the filing of false tax returns (Counts 4 to 7), in violation of 26 U.S.C. § 7206(2) (2018). The district court sentenced Coontz above the applicable Sentencing Guidelines range to an aggregate 60 months' imprisonment. In this appeal, Coontz raises multiple challenges to his convictions, arguing that the district court abused its discretion in several of its evidentiary rulings and that the evidence was insufficient to support the jury's verdicts on Counts 4 to 7. He also challenges the upward-variant sentence he received. Finding no reversible error, we affirm.

I.

We review a district court's evidentiary rulings for abuse of discretion and "will only overturn a ruling that is arbitrary and irrational." *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir.) (alteration and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 269 (2019). Even if an evidentiary ruling is erroneous, we will not vacate the conviction if the error was harmless. *United States v. Medford*, 661 F.3d 746, 751 (4th Cir. 2011). "An error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation marks omitted).

## A.

Coontz first asserts that the district court erroneously admitted opinion testimony from Trent Arnold, Coontz's former accountant, regarding Coontz's understanding of the tax laws, as that evidence was without foundation and irrelevant. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," which "may consist of the witness's own testimony." Fed. R. Evid. 602. Arnold was permitted to give lay opinion testimony that was "(a) rationally based on [his] perception; (b) helpful to clearly understanding [his] testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702." Fed. R. Evid. 701; *see United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006).

Relevant evidence generally is admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The threshold for determining whether evidence is relevant is comparatively low, and we rarely reverse such decisions because they are fundamentally a matter of trial management." *United States v. Recio*, 884 F.3d 230, 235 (4th Cir. 2018) (internal quotation marks omitted).

We conclude that Arnold's testimony as to his tax-related interactions with Coontz on multiple occasions over a period of years provided a sufficient base of personal knowledge to support Arnold's opinion. While testimony linking Arnold's opinion to Coontz's specific statements or actions, or to specific provisions in the tax code, may have

3

strengthened the value of this evidence, we conclude that those limitations are pertinent to the weight, not the admissibility, of the evidence. Further, Arnold's opinion was relevant to the central disputed issue of willfulness. We therefore find no abuse of discretion in the admission of this evidence.

B.

Coontz next argues that the district court abused its discretion in allowing Arnold to testify as to why he resigned from preparing Coontz's taxes and why he documented his advice to Coontz regarding the need to take a salary reportable on a W-2 tax form. Arnold's testimony that he advised Coontz multiple times that he should take a salary and complete a W-2, rather than taking distributions from his companies; that Arnold emphasized the importance of this advice to Coontz by documenting it in writing; and that Coontz did not take this advice are all relevant to Coontz's willfulness in failing to properly report the distributions he received as income. *See Spies v. United States*, 317 U.S. 492, 499 (1943) (describing facts probative of willfulness in tax fraud context). Even assuming, without deciding, that the district court abused its discretion in allowing Arnold to testify that he resigned because Coontz would not take his advice and that he believed he needed to protect himself, our thorough review of the trial record convinces us that the admission of this evidence was harmless. *See Burfoot*, 899 F.3d at 340.

C.

Coontz further argues that the district court abused its discretion in excluding testimony from his proposed expert witness, accountant Peter Bell. District courts possess "considerable discretion to determine whether to admit expert testimony." *United States*

4

*v. Iskander*, 407 F.3d 232, 238 (4th Cir. 2005). An expert may give an opinion on "matters involving . . . specialized knowledge so long as the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) (internal quotation marks omitted); *see* Fed. R. Evid. 702. "[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts" generally is unhelpful to the jury and, thus, inadmissible. *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006); *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). Even in cases involving complex legal or regulatory schemes, "the jury must be instructed on the law by the court and not by the witnesses," and the court generally should not permit experts "to give opinions on what the law means or how it is interpreted." *United States v. Wilson*, 133 F.3d 251, 265-66 (4th Cir. 1997).

Here, Bell's proffered testimony addressed bare tax law principles that were more appropriately left to the trial judge. *Cf. United States v. Monus*, 128 F.3d 376, 385-86 (6th Cir. 1997) (recognizing that legal opinions generally are inadmissible, but upholding admission of expert's opinion on tax liability in response to specific hypothetical questions). Although the court did not instruct the jury on particular matters within the compass of Bell's proffered testimony—a decision that Coontz does not challenge— Coontz did not seek jury instructions on these matters, even when provided an opportunity to do so. *See United States v. Simon*, 727 F.3d 682, 699-700 (7th Cir. 2013). Portions of Bell's testimony also were potentially confusing or misleading to the jury regarding Coontz's tax obligations, and Bell's opinions were not based on his knowledge of facts relevant to Coontz's own state of mind.

5

Coontz appears to assert that testimony from two of the Government's witnesses opened the door to Bell's testimony. Although these witnesses were permitted to testify regarding basic tax concepts, some of which were related to Bell's proffered testimony, that testimony addressed tax law only as necessary to explain their testimony as fact witnesses. With a single exception, this testimony was entirely consistent with the testimony Bell would have provided on those matters. *See Wilson*, 133 F.3d at 265. Further, one of these witnesses testified as to tax concepts only on cross-examination by Coontz or during redirect examination directly elicited by Coontz's questioning, preventing that testimony from "opening the door" to Bell's testimony. *See United States v. Birchette*, 908 F.3d 50, 61 (4th Cir. 2018) (discussing evidentiary "door opening"), *cert. denied*, 140 S. Ct. 162 (2019).

We note that Arnold's testimony regarding the need to take a salary reportable on a W-2 form, when viewed in context, may have conflicted with Bell's proffered opinion on that subject. *See United States v. Lankford*, 955 F.2d 1545, 1550-52 (11th Cir. 1992). Nevertheless, viewing the totality of the evidence, any error in the court's failure to allow Bell to testify on this specific matter was harmless. *See Burfoot*, 899 F.3d at 340. Thus, we discern no reversible error on this ground.

II.

Turning to Coontz's sufficiency challenge, Coontz argues that the district court erred in denying his motion for judgment of acquittal because the Government failed to adduce evidence establishing that various expenses paid by Coontz's companies on his behalf but not reported as income were, in fact, personal expenses. Coontz acknowledges

6

that this "personal expenses" theory was one of two theories through which the Government sought to establish his guilt of Counts 4 to 7. He argues, however, that the jury's general verdict requires vacatur of those counts, as it is not possible to determine whether the verdict relied on the "personal expenses" theory or the Government's alternative "unreported checks" theory.

Typically, we review the denial of a motion for judgment of acquittal de novo. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). Under that standard, we will uphold the jury's verdict if, viewing the evidence in the light most favorable to the Government, substantial evidence supports the verdict. *Burfoot*, 899 F.3d at 334. We ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). In conducting this inquiry, "we are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018). "A defendant bringing a sufficiency challenge must overcome a heavy burden," as reversal is "confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

As the Government observes, Coontz did not renew his Fed. R. Crim. P. 29 motion after introducing evidence, and the district court did not reserve ruling on the motion Coontz made at the close of the Government's case. Thus, Coontz's sufficiency challenge is reviewable only for plain error. *See United States v. Gray-Sommerville*, 618 F. App'x

7

165, 167 (4th Cir. 2015) (unpublished); *United States v. Davis*, 690 F.3d 330, 336-37 & n.6 (5th Cir. 2012); *see also United States v. Wallace*, 515 F.3d 327, 332 (4th Cir. 2008) (describing plain error standard).

Ultimately, we conclude that Coontz cannot establish reversible error on this ground. Contrary to Coontz's assertion, where a case is submitted to the jury on two theories and the jury returns a general guilty verdict, a challenge to the sufficiency of the evidence must be rejected so long as the evidence is sufficient to support a conviction on either theory. *Griffin v. United States*, 502 U.S. 46, 56-60 (1991); *see United States v. Hastings*, 134 F.3d 235, 238 (4th Cir. 1998).[*] Thus, "when a defendant is convicted of a crime based on alternative theories, and the Government produces sufficient evidence to convict on one theory, a reviewing court need not consider whether the evidence is sufficient on the alternative ground." *United States v. Ealy*, 363 F.3d 292, 298 (4th Cir. 2004) (citing *Griffin*, 502 U.S. at 56-57). Here, the Government adduced overwhelming evidence to support its "unreported checks" theory of liability—evidence that Coontz does not fairly dispute. As that theory fully supports the jury's verdict as to Counts 4 to 7, Coontz's sufficiency challenge necessarily fails.

---

[*] Coontz's reliance on *Yates v. United States*, 354 U.S. 298 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1 (1978), and cases citing it is misplaced. *Yates* provides the standard applicable to cases in which the court submits to the jury alternate theories of liability, one of which is legally, not factually, inadequate or invalid. *United States v. Moye*, 454 F.3d 390, 399-400 & n.10 (4th Cir. 2006) (en banc) (discussing *Griffin* and *Yates*); *see Hastings*, 134 F.3d at 242.

## III.

Finally, Coontz argues that the district court violated Fed. R. Crim. P. 32(h) and the Fifth and Eighth Amendments by sua sponte varying upward from the Guidelines range without providing prior notice or an opportunity to object before the imposition of sentence. We review questions of law, such as the court's interpretation of the Federal Rules of Criminal Procedure, de novo. *See In re C.R. Bard, Inc.*, 810 F.3d 913, 923 (4th Cir. 2016). Because Coontz did not raise his constitutional claims in the district court, however, our review of those issues is for plain error. *See United States v. Jackson*, 706 F.3d 264, 270 n.2 (4th Cir. 2013).

Coontz's arguments grounded in Rule 32(h) and due process are squarely foreclosed by *Irizarry v. United States*, 553 U.S. 708, 713-14 (2008). And, despite his passing reference to the Eighth Amendment, Coontz fails to meaningfully explain how the district court's mere nine-month variance could constitute cruel and unusual punishment. *See Graham v. Florida*, 560 U.S. 48, 60 (2010) (explaining that Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime" (internal quotation marks omitted)). We therefore find no error, plain or otherwise, in the court's decision to vary upward without providing advance notice.

## IV.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*